UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,                    :

                                                      REPLY MEMORANDUM IN
                                          :   SUPPORT OF PRETRIAL MOTIONS
      - against -

                                           :          10 Cr. 533 (SHS)

MONDHER BEJAOUI,                             :

                  Defendant.         :
--------------------------------------------------------x

      Please accept this memorandum reply in support of Mondher Bejaoui's pretrial motions. The memorandum addresses only new issues which have become relevant in light of the Government's response. Mr. Bejaoui relies on both this reply and his opening brief.

ARGUMENT

POINT I

THE COURT SHOULD ORDER PRODUCTION OF JENCKS
MATERIAL FOR THE HEARING ON THE ADMISSIBILITY OF
MR. BEJAOUI'S STATEMENT.

      The Government concedes that Mr. Bejaoui has alleged facts sufficiently specific to "establish that the defendant's questioning was custodial and not preceded by *Miranda* warnings." [ Gov't mem. p.9.] .Mr. Bejaoui's declaration also gives rise to a question of the statement's voluntariness. Despite the fact that the Government now bears the burden of proof on these issues, the Government provides only a conclusory claim that the statement was not custodial nor subject to coercion. [Gov't mem. p.9-10.] Especially given the lack of specificity of the Government's response, the Court should order immediate disclosure of *Jencks* material for the suppression motion presently scheduled for January 3, 2010.

1

POINT II

THE GOVERNMENT SHOULD PROVIDE A BILL OF PARTICULARS REGARDING THE NATURE AND AMOUNT OF THE LOSS.

Mr. Bejaoui moved for a bill of particulars delineating the actual amount of the loss in this case. The Government's response remains that the estimated loss claimed by the insurance carriers was between $600,000 and $1,000,000. The fact that the there is such a wide range of possible loss leads to an inference that the companies have done nothing more than provide ballpark figures based on the allegations and the erroneous assumption that the policies remained in effect throughout the contract period, which appears not to be the case. Since the records provided by the Government do not provide billing records and dates of termination of the policies, it is impossible to ascertain the loss amount from the discovery provided to date. As a result, Mr. Bejaoui and his counsel are unable to assess the options available to him regarding how to proceed with the case. Consequently, this Court should order that the Government particularize the nature and the amount of the loss or losses in this case and who or what entity suffered the loss or losses.

CONCLUSION

For the reasons stated above, it is respectfully requested that the Court grant the relief sought in these motions. Mr. Bejaoui requests oral argument on the motions.

Dated:      Montclair, New Jersey
            December 20, 2010

                                        Respectfully submitted,

                                        */s/ Jean D. Barrett*

                                        JEAN D. BARRETT
                                        Attorney for Mondher Bejaoui

C:\CASE FILES\TRIAL_FILES\Bejaoui\Motions\Reply.wpd