UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          -v-<br><br>MONDHER BEJAOUI,<br><br>                    Defendant. | 10 Cr. 553 (SHS) |

**GOVERNMENT'S REQUEST TO CHARGE**

PREET BHARARA
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Alexander Wilson
Kan M. Nawaday
Assistant United States Attorneys
     *Of Counsel*

## TABLE OF CONTENTS

**Request**                                                                    **Page**

1. General Requests . . . . . . . . . . . . . . . . .   1

2. The Indictment. . . . . . . . . . . . . . . . . .   2

3. Multiple Counts. . . . . . . . . . . . . . . . .   3

**Counts One Through Six – Mail Fraud**

4. The Indictment and the Statute . . . . . . . . . .   4

5. Mail Fraud: Elements of the Offense . . . . . . . .   5

6. First Element: Existence of a Scheme . . . . . . . .   6

7. Second Element: Participation in Scheme . . . . . . . .10

8. Third Element: Use of the Mails . . . . . . . . . . .15

9. Venue . . . . . . . . . . . . . . . . . . . . . .17

**Further General Instructions**

10A. Stipulations of Testimony . . . . . . . . . . . . .19

10B. Stipulations of Fact. . . . . . . . . . . . . . . .20

11. Law Enforcement and Government Employee Witnesses . . . 21

12. Use of Evidence Obtained Pursuant to Search . . . . . . 22

13. Statements of Defendant . . . . . . . . . . . . . . 23

14. Particular Investigative Techniques . . . . . . . . . . 24

15. Persons Not On Trial or Not Indicted  . . . . . . . . 25

16. Uncalled Witness – Equally Available or Unavailable
    to Both Sides . . . . . . . . . . . . . . . . . . 26

17. Preparation of Witnesses . . . . . . . . . . . . . . 27

**(Table of Contents Cont'd)**

18. The Defendant's Testimony . . . . . . . . . . . . . . 29

19. The Defendant's Right Not to Testify . . . . . . . . 30

20. Improper Considerations – Race, Religion, National
    Origin, Sex, or Age  . . . . . . . . . . . . . . . . .31

21. Character Testimony . . . . . . . . . . . . . . . . 32

22A. Charts and Summaries: Admitted As Evidence  . . . . . .33

22B. Charts and Summaries: Not Admitted As Evidence . . . . 34

23. Variance in Dates, Amounts, and Facts Alleged . . . . . 35

24. Use of Recordings. . . . . . . . . . . . . . . . . .36

25. Transcripts of Tape Recordings. . . . . . . . . . . . 37

26. False Exculpatory Statements . . . . . . . . . . . . .38

27. Motive. . . . . . . . . . . . . . . . . . . . . . . 39

## REQUEST NO. 1

## General Requests

The Government respectfully requests that the Court provide its usual instructions with respect to the following matters:

a.  Function of Court and Jury

b.  Information not Evidence

c.  Statements of Court and Counsel not Evidence

d.  Burden of Proof and Presumption of Innocence

e.  Reasonable Doubt

f.  Jury's Recollection Controls

g.  Government Treated Like Any Other Party

h.  Definitions and Examples of Direct and Circumstantial Evidence

i.  Credibility of Witnesses

j.  Interest in Outcome

k.  Inferences

l.  Rulings on Evidence and Objections

m.  Charts and Summaries

n.  Right to See Exhibits and Have Testimony Read During Deliberations

o.  Sympathy:  Oath as Jurors

p.  Punishment Is Not to Be Considered by the Jury

q.  Verdict of Guilt or Innocence Must be Unanimous

## REQUEST NO. 2

### The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains six counts.

Counts One through Six of the Indictment charges the defendant with mail fraud.

> Adapted from the charge of the Hon. Sidney H. Stein in United States v. Middlemiss, 97 Cr. 907 (S.D.N.Y. 1998).

2

## REQUEST NO. 3

### Multiple Counts

As I just indicated, the Indictment contains a total of six counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-8; see United States v. Sanzo, 673 F.2d 64 (2d Cir. 1982).

3

<u>REQUEST NO. 4</u>

<u>COUNTS ONE THROUGH SIX: MAIL FRAUD</u>

<u>The Indictment and the Statute</u>

Each of Counts One through Six of the Indictment charges as follows:

[*The Government respectfully requests that the Court read Counts One through Six of the Indictment.*]

Section 1341 of Title 18 of the United States Code, which is the mail fraud statute, provides in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, . . . knowingly causes to be delivered by mail or [commercial interstate] carrier. . . according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall [be guilty of a crime].

4

## REQUEST NO. 5

### Mail Fraud: Elements of the Offense

In order to prove the defendant guilty of the mail fraud counts, the Government must establish beyond a reasonable doubt the following three essential elements:

First, that at or about the time alleged in the indictment there was a scheme or artifice to defraud or to obtain money by materially false and fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, and

Third, that the United States mails were used in furtherance of the scheme as specified in the indictment.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 44-3; United States v. Fountain, 357 F.2d 240, 256 (2d Cir. 2004).

5

### REQUEST NO. 6

### Mail Fraud:   First Element

### Existence of a Scheme or Artifice to Defraud

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises.

The language describing this first element is almost self-explanatory.   A "scheme or artifice" is simply a plan for the accomplishment of an object.

"Fraud" is a general term.   It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.   The unfair advantage sought can involve money, property or any other thing of value.

Thus, a "scheme to defraud" is any plan, device or course of action to obtain money or property by means of false or fraudulent promises, representations or pretenses.

A "pretense, representation or statement" is fraudulent if it was made falsely and with intent to deceive.   A statement may also be fraudulent if it contains half-truths or if it conceals

6

material facts in a manner which makes what is said or represented deliberately misleading.

In order to establish a scheme to defraud, the Government need not show that the defendant made a misrepresentation. A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made. In addition, even if you find that the statements the Government contends were made or contemplated by the defendant in furtherance of the scheme were literally true, you can still find that the first element of the mail fraud statute has been satisfied if the statements and/or conduct of the defendant were deceptive. You may also find the existence of such a scheme if you find that the defendant conducted himself or herself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

It is not necessary for the Government to establish that any particular person actually relied on, or actually suffered damages, as a consequence of any false statement or omission of any material fact. Nor need you find that the defendant profited from the fraud. It is enough if you find that a false statement or a statement omitting material facts was made as part of a fraudulent scheme in the expectation that it would be

7

relied on.   You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

I have used the word "material" in describing the kind of false statements or omissions that are wrongful under the mail fraud statute.   We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.

A "material fact" is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.   That means if you find a particular statement of fact to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.

In order to establish a scheme to defraud, the Government is not required to establish that the defendant himself originated the scheme to defraud.   It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant knowingly participated in it.   Nor is it necessary for the Government to establish that the scheme actually succeeded -- that is, that the defendant realized any gain from the scheme or that the intended victim suffered any

8

loss.   In this case, it so happens that the Government does contend the proof establishes that scheme succeeded and insurance was provided based upon false representations.

Similarly, it does not matter whether the intended victim is gullible or negligent.   The gullibility or negligence of the intended victim is not a defense.   The question for you to decide is:   Did the defendant knowingly devise a scheme to defraud and to obtain money in which the United States mails were used to further the scheme?   Whether or not the scheme actually succeeded is not a question you may consider in determining whether a scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 44-4; the charge of the
> Honorable Michael B. Mukasey in United States v.
> Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd,
> 917 F.2d 80 (1990) (wire fraud), and from the
> charge of the Honorable Charles S. Haight, Jr. in
> United States v. Rogers, 90 Cr. 377 (CSH)
> (S.D.N.Y. 1991) (wire fraud).

9

## REQUEST NO. 7

### Mail Fraud:  Second Element

### Participation in Scheme with Intent to Defraud

The second element that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, willfully and with intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.  To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

Thus, it is not necessary for the Government to establish that the defendant himself originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another person, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

10

It is also not required that the defendant participates in or has knowledge of all of the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I noted before, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and also with a specific intent to defraud. I will now define knowingly and willfully, as well as specific intent to defraud.

An act is done "willfully" if it is done voluntarily, intentionally, and with a bad purpose, that is, a purpose to do something that the law forbids. The defendant need not have known that he was breaking any particular law or any particular rule; he need only have been aware of the generally unlawful nature of his actions.

An act is done "knowingly" if it is done purposely and deliberately and not because of mistake, accident, mere negligence, or other innocent reason.

The defendant acted with "intent to defraud" if he engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. As I instructed before, the Government need not prove that the intended victims were actually harmed; only that such harm was contemplated.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could

12

be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you do not limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 44-5 and the charge of the

13

Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990) (wire fraud). See United States v. Schwartz, 924 F.2d 410, 420 (2d Cir. 1991) (interpreting wire fraud statute: "It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."), and United States v. King, 860 F.2d 54, 55 (2d Cir. 1988) (same; mail fraud), cert. denied, 490 U.S. 1065 (1989). See also United States v. Amrep Corp., 560 F.2d 539, 543 (2d Cir. 1977) (defendant may be liable for fraudulent transaction in which he did not directly participate, so long as part of overall scheme) (citations omitted)(wire fraud), cert. denied, 434 U.S. 1015 (1978). See United States v. Bryser, 954 F.2d 79, 88-89 (2d Cir.)(Government need not establish that defendant participated in all aspects of scheme), cert. denied, 112 S. Ct. 2939 (1992).

14

## REQUEST NO. 8

## Mail Fraud:  Third Element

## Use of the Mails

The third and final element that the Government must prove beyond a reasonable doubt is the use of the mails or commercial interstate carriers in furtherance of the fraudulent scheme. The use of the mails or commercial interstate carriers can be from one state to another, or just within a state or even a single city; it doesn't matter, as long as the United States mails or commercial interstate carriers were used.

The mailed matter need not contain a fraudulent representation or a request for money.  Indeed, the mailing may be completely innocent.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to have been directly or personally involved in the use of the mails, or to have had anything whatsoever to do with the mails, so long as the mailing is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this connection, it would be enough to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others; and this does not

15

mean that the defendant himself must specifically have authorized others to do the mailing. This mailing requirement can be satisfied even if the mailing was done by the person being defrauded or some other innocent party. When a person does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen by that person, even though he does not actually intend such use of the mails, then he nonetheless causes the mails to be used.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 44-7 and the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990) (wire fraud). See United States v. Bortnovsky, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud).

## REQUEST NO. 9

### Venue

In addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties, so anything that occurs in those counties occurs in the Southern District of New York.

The Government need not prove that the crimes charged were committed in the Southern District of New York or that the defendant was even physically present here.  The Government may satisfy the venue requirement by proving that the defendant intentionally or knowingly caused an act in furtherance of the charged offense to occur in this District or by proving that it was foreseeable to the defendant that such an act would occur in this District.

I note that on this issue, and this issue alone, the Government need not offer proof beyond a reasonable doubt and that it is sufficient if the Government proves venue by a mere

17

preponderance of the evidence.   A preponderance of the evidence means to prove that the fact is more likely than not true. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

>Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-11. <u>See</u> 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rigas</u>, No. 02 Cr. 1236 (LBS); and from the charge of the Honorable Naomi Reice Buchwald in <u>United States</u> v. <u>Williams</u>, No. 00 Cr. 1008 (NRB).

18

<u>REQUEST NO. 10A</u>

<u>Stipulations of Testimony</u>

**[*If Applicable*]**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

      Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

19

## REQUEST NO. 10B

### Stipulations of Fact

#### [*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed facts as true.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-6.

20

## REQUEST NO. 11

### Law Enforcement and Government Employee Witnesses

You have heard testimony of law enforcement officials and employees of the government. The fact that a witness may be employed by a federal, state, or city government as a law enforcement agent or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of law enforcement and government employee witnesses on the grounds that their testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement and government employee witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-25.

21

REQUEST NO. 12

**Use of Evidence Obtained Pursuant to Search**

*[If Applicable]*

You have heard testimony that law enforcement officials obtained evidence pursuant to a search. That evidence was properly obtained, properly admitted in this case, and may properly be considered by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of the Honorable Pierre
> N. Leval in United States v. Mucciante, 91 Cr.
> 403 (PNL) (S.D.N.Y. 1992), and United States v.
> Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd,
> 968 F.2d 146 (2d Cir. 1992).

22

## REQUEST NO. 13

### Statements of Defendant

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-19, and from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (S.D.N.Y. 1999) (in context of government's use of tape recordings).

## REQUEST NO. 14

## Particular Investigative Techniques Not Required

### *[If Applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why it used the techniques it did, or why it did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992); and the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

24

## REQUEST NO. 15

## Persons Not On Trial or Not Indicted

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that participants in a crime be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from the charge of the Honorable  Peter K. Leisure in United States v. Parra and Ortega, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004); Sand, Modern Federal Jury Instructions, Instr. 3-4.

## REQUEST NO. 16

### Uncalled Witness - Equally Available or
### Unavailable to Both Sides

#### [*If Applicable*]

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

> Adapted from Sand, _Modern Federal Jury Instructions_, Instr. 6-7 and the charge of the Hon. Richard J. Sullivan in _United States_ v. _Peirce_, 06 Cr. 1032 (S.D.N.Y. 2008).

## REQUEST NO. 17

## Preparation of Witnesses

### [*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

27

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

### REQUEST NO. 18

### The Defendant's Testimony

### [*If Applicable*]

Now, the defendant in a criminal case does not have a duty to testify or come forward with any evidence. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove he is innocent.

In this case, the defendant, MONDHER BEJAOUI, has taken the witness stand, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> Adapted from United States v. Gaines, 457 F.3d 238, 245 (2d Cir. 2006); See United States v. Brutus, 505 F.3d 80 (2d Cir. 2007)(discussing appropriate charges when defendant testifies).

29

## REQUEST NO. 19

## The Defendant's Right Not to Testify

### [*If Requested By The Defendant*]

The defendant, MONDHER BEJAOUI, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

30

<u>REQUEST NO. 20</u>

<u>Improper Considerations: Race, Religion,
National Origin, Sex or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Honorable Denny Chin in <u>United States</u> v. <u>Olajide</u>, 01 Cr. 365 (DC) (S.D.N.Y. Aug. 11, 2005); and the charge of the Honorable Richard M. Berman in <u>United States</u> v. <u>Kamara</u>, S1 01 Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003).

31

## REQUEST NO. 21

### Character Testimony

### [*If Applicable*]

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crimes charged.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

32

<u>REQUEST NO. 22A</u>

<u>Charts and Summaries: Admitted As Evidence</u>

*[If Applicable]*

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-12.

33

<u>REQUEST NO. 22B</u>

<u>**Charts and Summaries: Not Admitted As Evidence**</u>

**[*If Applicable*]**

There have been a number of summary charts and exhibits introduced in this case. These charts and exhibits were introduced merely as a summary and analysis of testimony and documents in the case. The charts and exhibits are here to act as visual aids for you. They are not, however, evidence in themselves. They are graphic demonstrations of underlying evidence. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from the charge of the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Peirce</u>, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

34

<u>REQUEST NO. 23</u>

<u>Variance in Dates, Amounts, and Facts Alleged</u>

You will note that the Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Similarly, if the Indictment charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts alleged in the Indictment.

> Adapted from the charge of the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Peirce</u>, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 3-12 and 3-13.

## REQUEST NO. 24

## Use of Recordings

### [*If applicable.*]

The government has offered evidence in the form of tape recordings of conversations involving the defendant.

Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Hon. John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), as well as from Sand, Modern Federal Jury Instructions, Instr. 5-10.

36

<u>REQUEST NO. 25</u>

<u>Transcripts of Tape Recordings</u>

[*If applicable.*]

The government has been permitted to hand out typed documents that it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-9.

37

## REQUEST NO. 26

### False Exculpatory Statements

#### [If Applicable]

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he or she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Sand, Modern Federal Jury Instructions, 6-11.

REQUEST NO. 27

Motive

*[If Applicable]*

Proof of motive is not a necessary element of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendants are not guilty.  If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what defendant's the motive for the crime may be, or whether the defendant's motive was shown at all.  The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of a defendant.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 6-18, and from the charge of
> the Hon. Deborah A. Batts in United States v.
> Gupta, 07 Cr. 177 (S.D.N.Y. 2008).

39

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, regardless of whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.   To return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement.   Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.   Remember at all times, you are not partisans.   You are

judges – judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Dated:  New York, New York
        November 19, 2012

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York

            By:     _____
                    Alexander Wilson / Kan M. Nawaday
                    Assistant United States Attorneys
                    Tel.: (212) 637-2453 / 2311

41

Certificate of Service                    Filed Electronically
_____

The undersigned attorney, duly admitted to practice before this
Court, hereby certifies that on the below date, he served or
caused to be served the following document in the manner
indicated:

GOVERNMENT'S REQUESTS TO CHARGE

Service via Clerk's Notice of Electronic Filing upon defense
counsel in this case, Joshua Dratel, Esq.

Dated:  New York, New York
        November 19, 2012


                                _____
                                Kan M. Nawaday
                                Assistant United States Attorney
                                (212) 637-2311