UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-

MONDHER BEJAOUI,

        Defendant.

---

10 Cr. 553 (SHS)

**GOVERNMENT'S MOTION IN LIMINE**

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              One Saint Andrew's Plaza
                              New York, New York 10007

Alexander Wilson
Kan M. Nawaday
Assistant United States Attorneys
   *Of Counsel*

The Government hereby moves, *in limine*, for an order precluding defendant Mondher Bejaoui from appearing before the jury or prospective jurors in a wheelchair.[1]  As demonstrated during the extensive competency evaluation process, Bejaoui has no legitimate medical need for a wheelchair, and his continued insistence on such use is simply malingering.  Moreover, even if Bejaoui required a wheelchair for transport, there would be no need for him to be seated in one in the presence of the jury, rather than in a normal chair at counsel table.  Accordingly, Bejaoui's appearance before the jury in a wheelchair at trial would be an attempt to win improper, and unwarranted, sympathy from the jurors.

### Background

On June 22, 2010, a grand jury in the Southern District of New York returned an indictment charging the defendant, Mondher Bejaoui, with six counts of mail fraud.  The indictment charged Bejaoui with operating a fraud scheme that exploited the differential rates that insurance companies in New

---

[1] The Government has consulted with defense counsel regarding the possibility of an agreement between the parties resolving this issue.  Defense counsel has informed the Government that he cannot enter into such an agreement without further consultation with the defendant and Dr. Michael First, which could not be completed before the Government's deadline for filing this motion.  The Government remains hopeful that this motion will ultimately be mooted by agreement of the parties.

York State charge for vehicles depending on their location. In particular, Bejaoui submitted one application after another to insurance companies falsely claiming that the cars to be insured were garaged or located at various locations outside of New York City when, in fact, the cars were garaged or located in New York City. After the initial applications were approved, Bejaoui then added more vehicles located in New York City to the policies. As a result of the fraud perpetrated by Bejaoui, the insurers suffered losses in excess of $600,000.

Beginning in December 2010, while incarcerated in the Metropolitan Correctional Center, Bejaoui began to exhibit various previously unobserved physical and psychological ailments. (See Report of Dr. Shawn Channell dated October 6, 2011 at 4.) In January 2011, Bejaoui began complaining of severe foot pain and insisting on using a wheelchair. (Id. at 5.) Bejaoui insisted on using a wheelchair ever since.

On or about March 22, 2011, the Court granted a request by defense counsel for an evaluation of Bejaoui's physical and psychological condition, and his competency to stand trial. The defendant was subsequently evaluated by Dr. Richard Krueger, an expert retained by the defendant, and by Dr. Shawn Channell of the U.S. Bureau of Prisons' FMC Devens

facility. Based on their evaluations, Drs. Krueger and Channell each concluded that the defendant was not competent to stand trial. On October 7, 2011, upon the joint motion of the parties, the Court determined, pursuant to Title 18, United States Code, Section 4241, that the defendant was not competent to stand trial, and committed him to the custody of the Attorney General for competency restoration.

The defendant was transferred to FMC Butner, where he was evaluated by a team led by Dr. Robert Cochrane, who concluded that the defendant was feigning the overwhelming majority of his physical and psychological symptoms, and was now competent to stand trial. The defendant was then evaluated by another expert retained by the defense, Dr. Michael First, who concluded that the defendant was not competent. The Court held a competency hearing on August 13-14, 2012, hearing testimony from Drs. Cochrane and First. On October 3, 2012, the Court ruled that the defendant was competent to stand trial.

## Discussion

The defendant's supposed inability to walk is not a result of an actual medical condition. Extensive testing since January 2011 has not found any "organic basis for his multiple physical complaints." (Report of Dr. Robert Cochrane dated March

23, 2012 at 23.)  Dr. First's own report acknowledged that Bejaoui's complaints of "being unable to walk are not supported by the medical evidence."  (Report of Dr. Michael First date June 26, 2012 at 16.)  As reflected in his testimony at the competency hearing, Dr. Cochrane concluded that Bejaoui was feigning his physical symptoms as part of an overall pattern of malingering. (See August 13, 2012 Hearing Transcript at 169-171.)  While Dr. First disagreed that Bejaoui was necessarily malingering, because he did not believe Bejaoui had the required motivation of secondary gain, he conceded that Bejaoui was "clearly not being honest" in his presentation.  (August 14, 2012 Hearing Transcript at 145:6-7.)  Specifically, with respect to Bejaoui's insistence on using a wheelchair, Dr. First testified that he thought it was "quite possible" that Bejaoui was "faking it."  (Id. at 145:23-24.)

In light of the overwhelming evidence that Bejaoui does not physically require a wheelchair, and is, in fact, consciously feigning his disability, he should not be permitted to improperly elicit the jurors' natural sympathy by presenting himself to them as disabled.  Should he wish to maintain the pretense that he requires a wheelchair, he can be accommodated by being brought to court in a wheelchair and transferred to a

normal chair at counsel table before the jury enters the courtroom.

## Conclusion

For the foregoing reasons, the Court should grant the Government's motion precluding Bejaoui from appearing before the jury or prospective jurors in a wheelchair.

Dated:  New York, New York
        November 19, 2012

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney for the
                          Southern District of New York

    By:  _____/s/_____
           Alexander Wilson / Kan M. Nawaday
           Assistant United States Attorneys
           Tel.: 212-637-2453 / 2311

CERTIFICATE OF SERVICE

I, Alexander Wilson, Assistant United States Attorney, hereby certify that on November 19, 2012, I caused a copy of the attached Government's Motion In Limine to be sent via ECF notification to:

**Joshua Dratel, Esq.**

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.


Dated:   New York, New York
         November 19, 2012


                                    _____/s/_____
                                    Alexander Wilson
                                    Assistant United States Attorney
                                    Tel.: 212-637-2453