

DOC # 73

Mondher Bejaoui
# 63673 - 054
M-D-C BrookLYn

December 05, 2012

Clerk of the court
Southern district of New York
500 Pearl street
New York, New York 10007



In matter of united states v. Mondher
Bejaoui ; 10 CR 553 (SHS)

Dear Clerk :

Enclosed please find defendant application
for bail :

1 - Application for release on personal
recognizance pursuant to 18 U.S.C 3142(b)

page number one

December 05, 2012

2 - Renewed application for an amendment of the conditions of release pursuant to 18 U.S.C 3142 (f) (2) (b).

3 - Renewed application to strike the conditions of release on the ground of a due process violation to the pretrial detention without a reasonable bond. And an excessive bail in violation of the Eigth Amendment to the U.S constitution.

Also, enclosed please find Exhibit: A - B and C.

truly yours
x Mondher Bejaoui
Mondher Bejaoui
Defendant Pro-se

page number two

12/05/2012

United States District Court
Southern District of New York

— — — — — — — — — — — —×

United States of America

           Plaintiff,

— against —

Mondher Bejaoui

         Defendant.

— — — — — — — — — — — —×

Case number

10 CR 553 (SHS)

Application for
Bail.

I, Mondher Bejaoui, the defendant representing my self, move the court on 12/08/2012 or as soon as I can be heard for release pending trial.

My application consist of three parts:

page number one

12/05/2012

A - Application for release on personal recognizance pursuant to 18 U.S.C 3142 (b)

B. Renewed application for an amendment of the conditions of release pursuant to 18 U.S.C 3142 (f)(2)(B).

C - Renewed application to strike the conditions of release on the ground of a due process violation to the pretrial detention without a reasonable bond. And an excessive bail in violation to the U.S Constitution.

page number two

12/05/2012

This application is governed by 18 U.S.C 4241 (e):

If, after the hearing, the court finds by
a preponderance of the evidence that the
defendant has recovered to such an extent
that he is able to understand the nature and
consequences of the proceedings against him and
to assist properly in his defense, the defendant
is subject to the provisions of 3141 et seq.

Few months ago, I have no recollection of the
actual date but it was revealed to me that
I appeared in court for competency hearing (see
Exhibit A: Judge order and transcript of the
hearing). And after the hearing I was declared
competent to stand trial. Therefore this application

page number three

12/05/2012

is within the language of the statute.

A- Release on personal recognizance
pursuant to 18 U.S.C 3142 (b):

factors in support of my release on personal
recognizance.

1- The factors:

a- I am a 39 year old man who resided in
kings County for over a decade.

b. Prior to my pretrial detention I lived with
my wife, my daughter and my step son with
strong ties to the Brooklyn area.

page number four

12/05/2012

c. I had graduated from University of Tunis. I am a trained accountant.

d. Despite my amputated hand and severe abnormality of my breast/chest I had been regularly employed.

e. I am the sole bread winner and supporter of my family.

f. The offense is not a crime of violence or involves a narcotic drug.

G. I have no criminal history conviction, though I was arrested for harassment charges that were dismissed and the prosecution ended in my favor.

H. I have no history of use of drugs or abuse of alcohol.

page number five

12/05/2012

I - I am lawfully admitted for permanent residence as defined in the Immigration and Nationality Act 8 U.S.C 1101(a)(20).

J - I have no family ties in Tunisia - have family ties here, my wife, daughter and step son.

K - Never traveled to Tunisia for the years I resided in New York

L - I have no personal or professional ties to foreign country.

M - There is no outstanding detainer.

N - I have no passport.

O - I have no access to large amounts of cash and I will sign a waiver of extradition not only related to Tunisia but all countries.

P - I have no ample means to finance flight.

page number six

12/05/2012

R - I have no motive to flee.

S - I have a precarious medical condition and I suffer from various ailments: Hypertension - Epileptic Seizure - Tachycardia - Ulcerative colitis - Compression fracture and severe degenative disc disease - Chronic nerve damage - Astigmatism - Pneumonia - chest/breast injuries and fear of cancer.

T - I have battled severe depression and panic attacks.

2 - The history factors:

a - I have shown a compliance with the federal law during my immigration proceeding

b - During the pendency of the harassment charges between December 2006 and May 15, 2008 (the latter is the date I was unlawfully remanded and detained)

page number seven

12/05/2012

I had honored over forty (40) court appearances and
had been fully compliant with all of the terms and
conditions of release.

C - I made no prior attempt to flee in the previous
state prosecution.

## The Bail Reform Act:

The Bail Reform Act of 1984 is rather comprehensive
statutory scheme used to determine whether an
arrestee will be released or detained during the pendency
of the prosecution 18 U.S.C 3141 et seq. This Act was
enacted in order to correct the regrettable circumstances
of district courts being compelled to set monetary bails,
which, too often, were too high for indigent defendants
to meet and thus encumbered with detention prior to

page number Eight

12/05/2012

trial. Significantly, in enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release for the majority of federal defendants".

United States v. Berrios-Berrios 791 F.2d 246, 250 (2d cir), 479 U.S 978, 107 S.ct.562, 93 L.E.d.2d 568 (1986); United States v. Morris, 2000 U.S Dist. Lexis 14163, 2000 WL 1455244, at *3 (N.D.N.Y. Sept 21, 2000) (noting that "by its very language, the Bail Reform Act demonstrates its favorable inclination toward pretrial release of federal criminal defendants"). Therefore, the general expectation of the Bail Reform Act is that a defendant shall be released on his own recognizance or unsecured bond.

For the nature of the crime, for all intents and purposes, for the factors. I am an appropriate candidate to be released on my own recognizance pursuant to

page number nine

12/05/2012

18 U.S.C. 3142 (b) or possibly on a rather nominal bond or for that matter, for the court to apply less restrictions as strongly urged by 18 U.S.C 3142 (c)(1)(B).

B - Renewed application for an amendment of conditions of release pursuant to 18 U.S.C 3142 (f)(2)(B):

A determination of bail application's conditions may be reopened at any time before trial if:

The judicial officer finds that information exists That was not known to the movant at the time of the hearing and that has material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

page number ten

12/05/2012

1. Background subsequent to the november 2010 order of release on a bond and combinations of conditions:

On March 1999, I entered the U.S under a B-2 Visa, on february 2002 my I-130 petition was approved. On May 2006 my immigration status adjusted in New York to legal permanent resident under INA-245. I am married with one daughter and one step son - my wife and two children are U.S citizens we live in Brooklyn.

On December 2006, a harassment complaint was filed against me in kingscounty criminal court. I plead not guilty to the charges and complied with court appearances. On May 15, 2008 a posing grand jury returned a second

page number eleven

12/05/2012

harassment charges were filed against me and was
remanded and taken to Rikers-Island I became
victim to physical and sexual assault.

After four (4) years since the prosecution
commenced (the final two (2) years I was in pretrial
deutention) and on october 2010 the kingscounty
district Attorney moved the court to dismiss the charges
filed against me. The case involved one Kawdar
Mansy, the matter was relatively simple and I was,
infact innocent of the alleged crime.

Prior to the disposition of june 2010 i was transfer
to a federal court. I don't know why and I don't
remauber how. recently I learned that I was

page number ~~eleven~~ twelve.

12/05/2012

in M-C-C Manhattan.

At no time during the arraignment on the federal charges did the government argue or proffer that I will pose a risk of flight or danger to the community. Rather, my attorney defaulted to its typical posture as a court-appointed counsel and failed to raise the right to be released pending trial.

On November 2010 this court ordered my release on a bond and various conditions that my wife and I couldn't meet.

My wife signed the bond as was required and Expressed to the court that the conditions of release were unattainable (See Exhibit B: Letter of Maria Bejaoui to the court). But the court failed

page number ~~twelve~~ thirteen

12/05/2012

to explain its reasons for determining that the conditions were indispensable. See United States v. Mantecon-Zayas 949 F.2d 548 (1991) : once a defendant make known to the lower court that the stipulated conditions of release was unattainable then the lower court should have explained its reason for determining that the particular requirement was an indispensable component of the conditions of release

2. The new information:

The circumstances concerning my bail application have changed significantly since the court's November 2010 order:

a. The passage of time : more than twenty four (24)

page number ~~thirteen~~ fourteen

12/05/2012

months had passed since the ruling on my bail application.

b- The Goverment conveyed two plea agreements and in both the amount of time offered is lesser that what I served in pretrial detention. Miss Linsday informed me that if I agree to the wrong doing the Judge will likely sentence you to time served.

c- The passage of time will have great impact on my defense. loss of witnesses, non-recollection of events. in all I will receive inadequate defense

d- The deterioration of my health condition:

1. I have been hospitalized many times during my pretrial detention.

page number ~~fourteen~~ fifteen

12/05/2012

2. I have been confined to a wheelchair for the past two-year and I don't know if I am substantially paralyzed.

3. The sudden invasion of my body by bacteria.

4. Prior to my pretrial detention I was fairly active despite some impairments but now I am suffering from numbers of severe ailments.

5. This life-threatening situation was further complicated by the fact that I am currently under active investigation by a physician for lung cancer (see Exhibit C: Medical Record from M-D-C / Downtown New York hospital / Bellevue hospital).
known that the disease is the leading cause of cancer death in the world. This kind of information increases the level of my severe depression.

page number ~~fifteen~~ sixteen

12/05/2012

6. the inadequate medical care in the prison system
   is frightening.

In united states v. Bill Sun ( The defendant had been
convicted of Bank fraud. the amount of loss exceeded
two (2) million dollars. facing substantial prison
term. served few months after his verdict and awaiting
sentence. Yet the court ordered his release on a lesser
restrictive conditions and your honor opined: "the sole
purpose of the defendant release is due to his
medical condition and of his wife").

for the reasons stated above I respectfully ask the
court to revisit its prior bail determination of
November 2010 and order my release pending trial
on attainable conditions.

page number ~~sixteen~~ seventeen

12/05/2012

C- Renewed application to strike the
condition of pretrial release on the
ground that the excessive conditions
violated my rights:

1- To procedural due process under the
fifth Amendement to the united
states constitution. And

2. To the Eighth Amendment's
prohibition against excessive bail.

a- The bond and conditions of release
of November 2010 order:

* A 100,000.00 bond secured by three
financially responsible person.

page number Eighteen

12/05/2012

* Abide by specified restrictions on places to travel

* An order forbidding me from having contact with one Kawsar Mansy and her family

* Subject to combination of other conditions.

The 100,000.00 bond is excessive even if its only a bond that needed to be secured by two financially responsible person and one moral suasion known that the court was informed that I have been in state pretrial detention for over two (2) years and the prosecution ended in my favor. The amount of bond and condition of sureties were beyond my ability to post.

page number nineteen

12/05/2012

The next condition imposed by the court and requested by the government is an order forbidding me from having contact with Kawser Mansy and her family. The Government failed to indicate if the individuals were victims or potential witnesses. It clear that they are not victims since they were not mention in the accusatory instruments and assuming they are witnesses the prosecutor failed to specify why did they sought the forbidding order. The record reveal that Kawser Mansy she was the complainent witness in the harassment charges that were unlawfully filed against me and the state did have four (4) years to figure that

page number twenty

12/05/2012

all of Kawsar Mansy's complaints were untrue
subsequently the charges were dismissed.
  one of the foundations of our society is the
right of individuals to combine with other person
in pursuit of common goal by lawful means.
the amount of bond and the excessive condition are
in violation of my constitutional rights.

I reserve my rights to file a memorandum of law
in the event the prosecution file an opposition to
my application.

Accordingly, I respectfully request that the court
order my release pending trial on my own
reconizance.

page number twenty-one

12 | 05 / 2012

Copy to :

    United states
    District Attorney
    office -
    southern District
    of New York
    One Saint Andrew's Plaza
    New York , NY 10007
    New York , NY 10007

Respectfully submitted

x Mondher Bejaoui

Mondher Bejaoui

Defendant Pro-se

Remarque : Remark :

I have predicated to receive copy of the attorney
file by the date I will file this application
Therefore the attorney on record as a stand by counsel
is required to file Exhibit A - B And C
with the court.

page number twenty-two

Mondher Bejaoui

Register number

636 73 - 054   /case A0 CR 553 (SHS)

M - D - C BrooKLYN

PO BOX 32 9002

Brooklyn, NY 11232

To : Clerk of the United States District
Court
Southern District of
New York
500 Pearl street
New York, NY 10007


RECEIVED
DEC - 7 2012
PRO SE OFFICE