USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/2012

LAW OFFICES OF
**DRATEL & MYSLIWIEC**
A PROFESSIONAL CORPORATION

2 WALL STREET
3rd Floor
NEW YORK, NEW YORK 10005
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
www.dratelmys.com



RECEIVED
DEC 27 2012
JUDGE [STEIN]
U.S.D.J.

JOSHUA L. DRATEL
AARON MYSLIWIEC
—
LINDSAY A. LEWIS

STEVEN WRIGHT
*Office Manager*

December 27, 2012

**BY FACSIMILE [(212) 805-7924]**
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Mondher Bejaoui,*
10 Cr. 553 (SHS)

Dear Judge Stein:

This letter is submitted on behalf of Mondher Bejaoui, who I have been appointed to represent as standby counsel, regarding his current conditions of release. At the bail hearing held December 19, 2012, this Court ordered Mr. Bejaoui would be eligible for release pursuant to a Personal Recognizance Bond ("PRB") in the amount of $100,000, co-signed by Mr. Bejaoui's wife, Maria, and his mother-in-law. We respectfully request modification of the conditions of release to allow Mr. Bejaoui's release pursuant to a PRB in the amount of $100,000 co-signed by Elizabeth Burton, a family friend and U.S. citizen. Both Mr. Bejaoui and Lindsay Lewis, Esq. have made numerous attempts to reach Mrs. Bejaoui since last's week court appearance, but those attempts have been thus far been unsuccessful. Modification of the conditions of release as stated above would ensure that Mr. Bejaoui is released as soon as poosible prior to his January 16, 2012, trial date, and would best permit him to prepare for trial. Ms. Lewis was informed by Assistant United States Attorney Rachel Kovner that the government objects to this application.

Respectfully submitted,

Joshua L. Dratel

JLD/lal
cc: AUSA Rachel Kovner/ AUSA Kan Min Nawaday (by electronic e-mail)

---

Handwritten endorsement:

12/27/12

If the court understands this request, it is to substitute Ms. Burton in the place of Mrs. Bejaoui's wife and his mother-in-law. That request is denied. The court believed it was important to have the def's wife and mother in law for moral suasion to help assure the def's presence at trial and to allow him to return to his home prior to trial. If his wife cannot be located it appears there will neither be the appropriate moral suasion nor the ability to return to def's home. Motion for modification of conditions of release is denied.

So ordered.
/s/ Stein
U.S.D.J.