Docket-file

December 24, 2012

United States District Court
Southern District of New York
———————————————— X

United States of America
             plaintiff,

- against -

MONDHER BEJAOUI
         defendant.
———————————————— X

10 Cr. 553 (SHS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/13

Defendant's First Motion in Limine

Mondher BEJAOUI
Defendant Pro se
# 63673-054
M-D-C Brooklyn
PO BOX 329002
Brooklyn, NY 11232

12/24/2012

I, Mondher Bejaoui, the defendant representing myself, move in limine to preclude the government from using the term "insurance fraud" (see defendant's objection to government proposed examination of prospective jurors), which I believe will be central to the prosecution's language at trial. And that will confuse the jury into believing that submitting an application to the Plan as allegedly described in the indictment is an insurance fraud.

A- The indictment:

The defendant Mondher Bejaoui is an accountant and corporate officer of Brooklyn Village accounting and insurance agency, a corporation organized and existed under the laws of the state of New York with its principal place of business

page number one

12/24/2012

at 99 Smith Street, Brooklyn, New York.

The New York Automobile Insurance Plan (the "Plan") is an unincorporated entity that was establish pursuant to N.Y. Ins. Law § 5301 et seq. The Plan was establish to provide coverage to individuals and/or businesses unable to obtain coverage in the voluntary insurance market. New York residents who are eligible for but unable to obtain automobile insurance may submit an application to the Plan. The Plan then assigns applicants to automobile insurers licensed to do business in the State of New York who, in turn, are required to accept assignments from the Plan. The Plan provides for coverage of public transportation vehicles, defined as including taxis, limousines, school, church and urban buses, medical transportation vehicles and other similar vehicles.

In providing for coverage of such vehicles, the Plan

page number two

12/24/2012

provides for the equitable distribution of risks assigned to insurance companies. Thus, prospective insureds, and their brokers, complete and submit a form New York Automobile Insurance Plan Application (the "Application") for coverage to the Plan. The application is signed by both applicants and Brokers. At the time of the submission of the application, the applicant and broker do not know which insurance carrier will be assigned and required to issue a policy since the application is submitted to the Plan itself. The Plan then assigns the insured to an insurance company, which is required by the Plan to issue a policy unless the applicant fails an eligibility requirement.

Pursuant to prescribed formulas established by New York Law and contained in the Plan, the premium for public

page number three

12/24/2012

automobile transportation companies is in part based on the following rating factors:

1- Territory in which any and all driving occurs, which the Plan calls "Rating territory".

2- Type of service, such as airport limo or school bus, which the Plan calls "Rating classification".

3. Radius or Zone of operation.

4- number of vehicles owned or operated by the insured.

As is set forth in the Plan, the rating Territory is based on the highest rated territory in which the public vehicles is operated. The highest rated territory rule does not apply, however, if the vehicles operates on a long distance, which the Plan calls "Zone Basis". The Zone Basis applies when the radius of operation is over 200 miles.

page number four

12/24/2012

Initial premiums charged for policies issued pursuant to the Plan are estimated by the servicing carrier based on information and codes provided to the servicing in the application. The Application states in part, "The Applicant understands that the premium shown on this application is an estimated premium. The carrier reserves the right to adjust the premium either prior to or after the issuance of the policy, whenever applicable".

According to the prosecution (who wish to regulate cars more than firearms), the alleged application constitue a criminal intentional tort fraud (see defendant's application that the indictment is facially deficient for failure to state a federal crime) because it contained known false information to the applicant (defendant).

page number five

12/24/2012

B- Defendant's Legal position:

Insurance fraud can refer to a defined crime by the New York Penal Code.

"A person is guilty of insurance fraud when he commits a fraudulent insurance Act, and thereby by wrongfully takes, obtains or withholds property with a value" N.Y Penal Code 176.15 - 176.20 - 176-25.

Under N.Y Penal Code 176.05 : "A fraudulent insurance Act" is committed by any person who, knowingly and with intent to defraud presents .... any written statement as part of a <u>claim</u> for payment pursuant to an insurance policy".

The fraudulent insurance act can only be valided by the submission of a claim.

Under New York insurance Law, "a claim" is the assertion of a right; a demand by the insured to the insurer

page number six

12/24/2012

for recovery.

However, the indictment does not allege fraudulent insurance claims, rather a misrepresenting an application. That under New York Insurance Law, "An insurance application" is in no way binds insurer to issue a policy because application is only a <u>proposal to contract</u> on terms the insurer may accept or reject.

The difference between a proposal to contract (the "application") and the assertion of a right (the "claim") is clearly evince.

It is possible that, in using the term "insurance fraud" the prosecution simply meant allege unfair or unjust activity involving the proceeds of an insurance claim, but even taken the suggestion, the claim will still never an element of the alleged charges per se. The language on the indictment merely suggested a breach of contract,

page number seven

12/24/2012

a broader cause of action, such as breach of warrant service.

Since there is a diversity in this case the court can apply New York substantive Law (see Gasperini v. Center for humanities, INC 518 U.S 415, 427 - 116 S.ct 2211 - 135 L.Ed.2d 659 (1996) "holding that under 'the Erie doctrine' federal courts sitting in diversity apply state substantive Law and federal procedural Law).

Moreover, the prosecution will fail to establish essential element of insurance fraud, which is the 'claim', therefore the term insurance fraud is clearly inadmissible on all potential ground.

Accordingly, it is respectfully requested that the court

page number eight

12/24/2012

grant the defendant application and issue an order precluding the prosecution from using the term "insurance fraud" at trial*.

Cc: Preet Bharara
United States Attorney
Southern District of New York
One Saint Andrew's
New York, NY 10007

Respectfully submitted
x *Mondher Bejaoui*
Mondher Bejaoui

page number nine

Mondher Bejaoui
Register number 63673-054
M-D-C Brooklyn
PO Box 32 9002
Brooklyn, NY 11232



December 24, 2012

Clerk of the court
Southern District of New York
500 Pearl street
New York, NY 10007

Re: United states v.
Mondher Bejaoui : 10 cr 553 (SHS)

Dear clerk:

enclosed please find defendant first Motion in limine.

Respectfully submitted
x Mondher Bejaoui

Mondher Bejaoui