twenty fourth of December 2012

United States District Court
Southern District of New York
---------------------------------------x

United States of America
plaintiff,

— against —

MONDHER BEJAOUI
defendant.
---------------------------------------x

Docket file

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/13

10 c.r. 553 (SHS)

Defendant's Response in opposition to Government Motion in limine "The wheelchair"



MONDHER BEJAOUI
Defendant Pro se

12/24/2012

I, Mondher Bejaoui, the defendant representing myself, move the court in limine, to deny the government's application precluding me from using my wheelchair during trial.

In support of my application the defendant bring to the court attention that the government in their application failed to:

1- Submit a memorandum of law of which includes citation to relevant case law to assist the court in resolving the issue.

2- Provide copy of the defendant's medical order by his primary care physician to have total and permanent use of a wheelchair

page number one

12/24/2012

that the prosecution have in their possession.

A- The hospitalization history:

1- University hospital of staten island:

on 1999, I was transported to staten island hospital and kept under extensive care for three (3)-week due to a horrible random assault by strangers that causes me several fractures in my lower body and suffered severe first degree burns.

I was subject to daily cleange of my limbs and gel liners and received extreme aggressive pain medicine. Based on my severe injuries I was forced by doctor's recommendation to use

page number two

12/24/2012

a wheelchair.

2- Lutheran hospital in Brooklyn:

On 2000, I was involved in automobile accident, suffered injuries including bulging discs at L4 and L5 levels, head injury that required eleven (11) stiches and broken teeth ( Later on 2001 in long island college hospital my treating dentist removed my remaining broken upper teeth and applied eight (8) implants to replace the broken ones). The amount of force applied to my body during the collision was damaging my ability to move. My stay in lutheran hospital extented to one week and the upcoming twelve (12)-month treatment after my

page number three

12/24/2012

discharge I was using a wheelchair and crutches for mobility.

B. Pretrial detention in the state's harassment allegation:

On December 2006, I was arrested and charged with allegedly harassing an ex-employee the charges were a violation not a crime pursuant to New York penal Code 240.26 and for the upcoming One (1)-year and a half, the complainant witness and members of her family terrorized me by making false complaints accusing me of harassment. The prosecutors were never ready for trial and the case accumulated extensive

page number four

12/24/2012

Court adjournments.

On May 15, 2008 I was detained on the same/unsolved allegation, sent to rikers Island where I spent the next two (2)-year in pretrial detention.

During this detention I was subject to physical and sexual assaults and developed organic nerve disease. Lengthy tests and numerous neurology evaluations led to narcotic pain medicine and recommendation to wear supportive footwear and use of cane to shift my weight.

Subsequently the false allegations were dismissed and my innocence surfaced but the damage is never repairable.

page number five

12/24/2012

C- Current Pretrial detention in federal institutions:

On June 29, 2010, I was transfered from Rikers Island to M-C-C Manhattan on a Writ of Ad prosequendum attached to an indictment charging me with mail fraud, an allegation stated that my companies obtained limousine vehicles insurance at a lower coverage rate while the vehicles allegedly were garaged and operated in New York city, presumedly New York County is a higher rate.

During the pretrial detention in M-C-C, the pain in my lower body increased and my ability

page number six

12/24/2012

to walk was limitted.

Dr. Bussanich (clinical director in M-C-C Manhattan) has recorded a rapidly health deterioration ( hypertension, tachacardia 'heart rate 135 to 190 at times', mulitple epileptic seizure episodes, lower back fracture, nerve damage. He also noted my amputated left hand and severe defect of my breast/chest were causing me a good deal of discomfort. I was prescribed various medicine including narcotics to help me overcome the pain and was referred to Dr. McClean, a psychiatrist in the facility whom also prescribed variety of anti-psychotic medications. I started to depend on a wheelchair and must frequently shift my weight to reduce

page number seven

12/24/2012

pressure from sores on my lower body - my condition caused me severe pain and inability to stand or walk.

I am currently bound on a wheelchair that was prescribed for me in Feburary 2011 by Bureau of prison's physician.

Also I was prescribed special lumber cushioning to support my spine and enable me to shift my weight to relieve the pressure from my decubitus ulcer.

The medical order regarding the need for use of a wheelchair has never been modify or deviate from the initial doctor's order.

page number eight

12/24/2012

D- Legal position:

The government through its Motion in limine requested from the court to target me for mistreatment because of its interest at trial, in particular targets disabled person because of his disability, such conduct constitutes discrimination.

I am a pretrial detainee with amputated hand, breast/chest severe defect, multiple surgeries compression fracture and severe degenative disc disease, lung mass, chronic nerve damage, epileptic seizure, hypertension, Tachacardia, depression and mental instability, take numerous medications and require wheelchair to be mobile

page number nine

12/24/2012

for my physical/mental well being.

The government request from the court to deny me accommodation for my disability is clear deviation from existing law that prohibit against discrimination.

Title III of the American with disabilities Act 42 U.S.C 12101 et seq, proscribes discrimination against disabled in public accommodation Powell v. Nat'L Bd of Med Exam'rs 346 F.3d 79, 85 (2d Cir. 2004).

Therfore, I have a disability for purposes of the Act that I am otherwise qualified for a benefit (The wheelchair) that the prosecution request from the court to deny me and the sole denial request is because of my disability

page number ten

12/24/2012

Pierce v. County of Orange (2008, CA9 Cal) 526 f.3d 1190, 129 sct 579, 172 LEd2d 456 (County failed to reasonably accommodate mobility-impaired and dexterity-impaired pretrial detainee, in violation of the American Disabilities Act.

Under the Rehabilitation Act (RA), 29 USC 794, the Eighth and Fourteeth Amendments of the United States Constitution. I am a qualified indivivual with disability as defined by 42 USC 12131, I respectfully request that the Court allow me to use my personal medically prescribed wheelchair during trial.

Accordingly, if the Court decide to permit the government to amend its application and file a memorandum of Law. It is respectfully

page number eleven

12/24/2012

requested that the court:

1- Authorize the defendant to file a sur-reply to government reply papers.

2- Request the medical record from Bureau of prison that support my position. Or

3- Appoint independent neurologist and psychiatrist to evaluate the defendant and assist the court in its decision.

Cc: Preet Bharara
United States Attorney
Southern District of New York
One Saint Andrew
New York, NY 10007

Respectfully submitted
x Mondher Bejaoui
MONDHER BEJAOUI

page number twelve

Mondher Bejaoui
Register number 63673-054
M-D-C BrookLyn
Po Box 329002
BrookLyn, NY 11232

December 24, 2012

Clerk of the court
Southern District of New York
500 Pearl street
New York, NY 10007

Matter of United states V.
Mondher Bejaoui : 10 Cr 553 (SHS)

Dear Clerk:
Enclosed, please find defendant's Response in opposition to Government Motion in limine "The wheel chair".



Respectfully submitted
x Mondher Bejaoui
Mondher BEJAOUI