Docket-file

December 26, 2012

United States District Court

Southern District of New York
                                    X

United States of America

                plaintiff,

        -V-

MONDHER BEJAOUI

                defendant.
_____X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/8/13

Case no.

10 Cr 553 (SHS)

Defendant's Written objections to

Government's request to change pursuant

to Rule 30 (d) of the federal Rules of

Criminal Procedure.

MONDHER BEJAOUI

Defendant Prose.

12/26/2012

Mondher Bejaoui, the defendant Prose hereby, objects to Government's request to charge pursuant to Rule 30 (d) of the federal Rules of criminal procedure for failure to advise the Court that the instructions as presented has been modified from the instructions that appears in the form book.

The defendant acknowledge that the prosecution can, and should seek instructions which in tone, emphasis and substance favor the position advocated - But when they intentionally submitted instructions known to be contrary to authority without disclosing to the court that the changes requested asks the Court to deviate from existing Law, that will be a calculated folly to undermines the

page number one

12/26/2012

integrity of the jury system, the fair administration
of Justice, and is an affont to this court.

\* Defendant's List of objections to Government's
request to change:

A- Objection No.1 :

Defendant object to Government Request NO.2 :
First, it is disingenuous to persuade the court by using
this front request that was adapted from the charge of
the presiding judge in the case at bar, while all the other
twenty- five requests were adapted from Sand et al-
Modern federal jury instruction - Another Word " Please
Honorable sidney stein side with us against this handicap".
Second, although , it is well settled that the indictment

page number two

12/26/2012

is not evidence, yet prosecution's failure to request that the Court read the indictment to the Jury has grown a good deal of concern as to the level of deficiency in the indictment.

B. Objection No. 2:

Defendant objects to government Request No. 3: Multiple Counts. This request is adapted from Sand et al instr - 3.8 which tittled Multiple Counts - Multiple defendants. The Correct request should have been, instr 3-6 designed for Multiple Counts - One defendant.

C. Objection No. 3

Defendant objects to Government Request No. 4, tittled The indictment and the statute. Highly prejudice stating only the counts and not the alleged scheme and statutory. The pertinent part of section 1341 of title 18 as requested

page number Three

12/26/2012

will not give sufficient understanding to the mail fraud statute.

D- objection NO.4:

Defendant objects to government's Request NO.5 : Element of the offense, adapted from sand et al, Modern federal jury instructions, Instr. 44-3. The request has no authority in the Second Circuit as it appears in Sand et al, as a substitute the prosecutor suggested to the court United states V. fountain 357 F.2d 240, 256 (2d ci 2004). summation of the case read: ( Defendant John fountain entered the currency exchange business in Hogansburg, New York, using Cashier's checks and wire transfers, he began exchanging Canadian for U.S currency in conjunction with a scheme to transport cigarettes from Canada into the st. Regis Mohawk Reservation then back to Canada to be sold on the black market, the enterprise was designed to circumvent the high Canadian taxes on tobacco products.

page number four

12/26/2012

As a result of these currency exchange activities, Fountain was indicted with others, in July 1997 (the "Miller indictment"), on charge of conspiracy to launder the proceeds of a scheme in violence of the money Laundering statute 18 U.S.C § 1956 (a)(i)). Neither there is relevancy o nor resemblance to the case at bar, the prosecution sole purpose is to use the language of the third element "that the united states mails..." while the original instruction. 44-3 reads: " Third, that in exeution of that scheme, the defendant used or caused the use of the mails (or a private or commercial interstate carrier) as specified in the indictment".

E- Objection NO. 5

Defendant object to government's Request No.6 : Mail Fraud : Element of offense - First Element : Existence of a scheme or Artifice to Defraud. As, it has been customary for the prosecution to make

page number five

12/26/2012

the unwarranted changes to suit their objective. Also, once again they misled the court by misrepresenting the authentic authority for this instruction. That authority is from United States Supreme court : (Skilling V. United States 561 U.S 130, S.ct- 2896, 177 L Ed 2d 619 (2010); and Mc Nally V. United states 483 U.S 350, 107 s.ct. 2875, 97 LEd 2d 292.

The court is well informed that the skilling case is a controversial intangible honest service fraud which is not the case here.

The second authority is unlike what the prosecution relied on in their request, the second Circuit cases are United State V. Males, 4 59 F.3d 154 (2d Cir. 2006) and United States V. Di Nome ,86 F.3d 277 (2d Cir 1996)

The court may observe in the government request not only a modification from the instruction but intentional

page number SIX

12/26/2012

misguidance. Instruction 44-4 requires the jury to find that the false statements related to a material fact, as defined by Affiliated ute (the second circuit case of United states v. Mittlestaedt), and that the scheme contemplated harm to the victim.

Unfortunately, the prosecution withheld and manupilated the language of instruction 44-4 from Sand et al, and failed to disclose to the court the modifications.

## F- objection No.6:

Defendant object. to government Request No.7 : Mail fraud Second element -

The prosecution relied havily as they did repeatedly in This segment on the Honorable Michael B Mukasey charge in United states V. Uccio 917 F.2d 80 (1990) (wire fraud).

page number Seven

12/26/2012

( Defendants , Uccio and Sarantopoulos participated in a scheme to obtain money from Shearson Lehman Hutton, INC. through the use of fraudulent wire transfers. it is a wire fraud case in excess of 7.4 million dollars. Though, the Second circuit has indicated that because the mail fraud and wire fraud statutes use the same relevant Language , the Court analyze them the Same way Ashley. Supra, 905 F. Supp at 1157 (quoting United States v. Schawartz 924 F.2d 410 ,416 (2d Cir1991) but the second ciruit made it clear that instructions for the element of offenses are substantially different. instruction 44-5 : the second element , as stated in the Modern federal Jury instructions is on the authority of United States Supreme Court : McNally V. United States 483 U.S 350, 107 S.ct 2875, 97 L.Ed 2d 292 (1987), and the second ciruit : United States V. Dupree 462 F.3d 131

page number eight

12/26/2012

(2d Cir 2006), United states v. Benkovich, 186 F.3d 64 (2d Cir 1999).

What is fascinating, is the evil intent of the person who prepared the prosecution's "Request to charge", he or she recited the first sentence as it appears in Modern Federal Jury instructions starting "The Second element ... intent to defraud", and then modified, changed and falsified the entire content of the instruction, then at the last sentence he or she will again copy as it appears in the Modern federal jury instruction "Circumstantial evidence ... beyond a reasonable doubt" An attempt to make the court believe that the proposed charge was authentically adapted from the honorable Leonard B. Sand instructions.

Among, several other objections to instruction seven of

page number Nine

12/26/2012

the government's request to change, the defendant direct the Court attention to the prosecution's overreached definition to the "intent to defraud" _ The Supreme Court in McNally V. United States and the Second Circuit in United States V. Starr wring 816 F.2d94 (2d cir 1987) definition of "intent to defraud" as acting knowingly and with the Specific intent to deceive for the purpose of causing Some financial or property loss to another. Starr specifically rejected a trial court's change which permitted the jury to convict based on either an intent to harm the victim or "bringing about some financial gain to one's self"_ The Starr Court held that it is error for a trial court to change a jury that contemplated harm is not an element of fraudulent intent. Thus, court should require an intended harm to the victim, and not merely an intent by the defendant to acheive financial gain for himself

page number Ten

12/26/2012

The substantial paragraphs that the prosecution deliberately disregarded from this instruction (Instr. 44-5 from the Modern federal jury instructions) is material and can change the purpose of this element. The following is the paragraphs that were intentionally disregarded and was not disclosed to the court that modifications took place:

" Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of mail fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent Lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, even false representations or statements, or omissions of material facts, do not amount

page number eleven

12/26/2012

to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate statements may turn out to be.

As practical matter, then, in order to sustain the charges against the defendant, the government's must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another. To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has establish beyond reasonable

page number twelve

12/26/2012

doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant".

The above paragraphs were dilebrately ignored by the prosecution.

G- Objection NO.7:

Defendant objects to government Request No.8: tittled mail fraud: Third element: use of mail, this request is instruction: 44-7 adapted from Sand et al, Modern federal Jury instructions- The prosecution continued to rely on the charge of the honorable

page number Thirteen

12/26/2012

Michael B. Mukasey in United States V. Uccio. This instruction has no authority in the second Circuit, and the United states authority is schmuck V. United states, 489 U.S 705, 109 S.ct 1443, 103 LEd. 2d 734 (1989). And as expected the prosecution failed to inform the court that they disregard the final paragraph of the instruction that reads:

" with respect to the use of the mails, the government must establish beyond reasonable doubt the particular mailing charged in the indictment. However, the government does not have to prove that the mailings were made on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond reasonable doubt that the mailing was made on a date substantially similar to the date charged in the indictment".

page number fourteen

12/26/2012

Contrary to what the government claim in this request, on several occasions the Supreme Court has made it clear that mailings after the scheme has been completed are not sufficient to support a mail fraud charge schmuck V. United States - Also, opposing to what the prosecution suggested throug the modification of the instruction, the second aspect of the use of the mails element is a subjective one concerning the relationship between the defendant and the mailing : the government must prove that the defendant " caused " the use of the mails, United States V. Tocco, 135 F.3d 116, 124 (2d Ci 1998) (reversing wire fraud because defendant did not cause e-mail to be sent).

page number fifteen

. 12/26/2012

H- Objection NO.8:

Defendant objects to government Request No.9: Venue.
In addition to the intent modification of the Sand et al.
instruction Language, the prosecution also deleted a relevant
paragraph from instr - 3-11 that read:

" It is sufficient to satisfy this element if any act
in furtherance of the crime occured within this
district, if you find that the government has failed
to prove that any act in furtherance of the crime
occured within this district - or if you have a
reasonable doubt on this issue then you must acquit"

The request is adapted from instr- 3-11 of Sand et al.
Modern Jury instruction has no authority in the second
Circuit, so the prosecution suggested united states V.
page number sixteen.

12/26/2012

Rigas, NO. 02 cr 1236 (LBS) and United States V. Williams, No. 00 cr 1008 (NRB).

The Latter is in no way has any resemblance to the case at bar, United States V. Williams, the defendants were accused of being members of narcotic trafficking organization responsible for various act of violence, including murder, narcotic trafficking and racketeering, The "Torres Organization" venue instruction does not apply to defendant's alleged crime. As of United States V. Rigas and the charge of the honorable Leonard B. Sand, on this famous case, the court should be aware of the outcome, the jury acquitted defendants in various counts of wire fraud, bank fraud and conspiracy to securities fraud. But what is not comparable to the case at bar is that Adelphia

page number Seventeen

12/26/2012

the allegedly defrauded company, its banks and its investors was one of the largest cable television in united states controlled by the Rigas family whom they owns numerous cable companies through business entitities ("Rigas family Entities), corporations, general partnerships, limited libility companies covering locations in Western New York, western Pennsylvania, Virginia, vermont and Florida. It is clear the Venue instruction to must be delivered in cautious detailed form.

Contrary to the prosecution's false suggestion, the second Circuit has specifically affirmed a charge by Honorable Edward Weinfeld in United States v. Potamitis, 739 F.2d 784, 791-92 (2d Ci 1984) in which he submitted the venue issue to the jury with instructions that

page number Eighteen

12/26/2012

the government must prove venue beyond a reasonable doubt, even though it was a higher standard than required.

## I - Objection No. 9

Defendant objects to government Request NO.11: titled Law Enforcement and government Employee Witnesses.

This instruction is not instr. 5-25 adapted from Sand et al. Modern Jury instruction as claimed by the prosecution, it is instr. 7-16 because instr. 5-25 is titled:

"Similar Acts, intent, Knoweldge, Absence of Mistake"

The defendant object to government request no.11 because defense is entitled to an instruction to the effect that a witness's status as a Law enforcement official employed by the government does not entitle his testimony to be given special consideration by the Jury.

page number Nineteen

12/26/2012

J- Objection No. 10:

Defendant objects to government Request No. 13:
Titled: statments of Defendant. Adapted from Sand,
Modern Federal Jury instructions, Instr- 5-19.
The defendant respectfully ask the Court to read the instruction
as it appears in Sand then Compare it to government's
request.

Instruction 5-9 : Admission of defendant:

" There has been evidence that the defendant made
certain statements in which the government claims
he admitted certain facts charged in the indictment
In deciding what weight to give the defendant's
statements, you should first examine with great
care whether each statement was made an whether,
in fact, It was voluntarily and understandingly

page number twenty

12/26/2012

made . I instruct you that you give the statement such weight as you feel they deserve in light of all evidence "

second circuit authority are : United States V. Yousef 327 F.3d (2d ci 2003) (citing treatise) ; United States V. Reed , 572 F.2d 412 (2d cir 1978) .

Defendant objects to government erroneous Language " that no one's right were Violated " is premature, the hearing in regard to the statement has not been made, defendant through his former counsel Ms. Jean Barrett requested a suppression of the statement and the Court grant the motion but the hearing never took place, unless if did during defendant's mental deterioration, which he has no recollection of what transpired in his case while he was bounced between mental

page number twenty- one

12/26/2012

facilities. Therefore the defendant request a clarification on the matter.

K- Objection NO. 11 :

Defendant objects to government's Request NO. 20.
titled : Improper considerations: Race, Religion, National
origin, Sex or Age.

The prosecution intentionally discriminate against the
defendant because he is not American Native, born
in foreign county and he is a descendants of Arab origin.
The defendant objects to the charge requested because
the language and structure of the instruction is an
egregious violation to defendant's right to equal
protection of the laws as guaranteed by the fourteenth

page number twenty-two

12/26/2012

Amendment to the United states Constitution and the selective enforcement to this request is based upon an unjustifiable standard.

L - Objection NO.12 :

Defendant objects to government's Request:
(The conclusion).

The request is the prosecution's pattern to prejudice and discriminate against the defendant, constant reminder to the jury to avoid sympathy (because of defendant's disability).

12/26/2012

Conclusion.

Accordingly, the court should deny government's request to charge entirely because it contain erroneous language in each and every request and for failure to inform the court that the instructions requested has been modified from the instructions that appears in the form book.

dated : December 26, 2012

CC: Preet Bharara
   United states Attorney
   Southern District of New York
   One Saint Andrew's
   New York, NY 10007

Respectfully Submitted

X Mondher Bejaoui

MONDHER BEJAOUI

page number twenty-four

December 26, 2012

MONDHER BEJAOUI
PO BOX 329002
BROOKLYN, NY 11232



Docket + file

December 26, 2012

clerk of the court
Southern District of New York
500 Pearl street
New York, NY 10007

Re: United States v. Mondher Bejaoui
10 Cr. 553 (SHS)

Dear clerk :

Enclosed, please find defendant's written objection
to government's request to charge pursuant to Rule
30 (d) of the federal Rules of criminal Procedure.

Respectfully submitted
& Mondher Begin
Mondher Bejaoui