Docket Juke

01/03/2013

JAN 11 2013

JUDGE _____

Mondher Bejaoui
POBox 329052
BrookLYN, NY11232

January 03, 2013

Clerk of the Court
District Court - Southern District
500 Pearl street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/13

Re: United States v. Mondher Bejaoui
10 cr. 553 (SHS)

Dear Clerk:

Enclosed, please find defendant's Request to Jury instructions.



JAN 10
PRO SE OFFICE

Respectfully submitted
x Mudher Bejaoui
Mondher Bejaoui.

01/03/2013

United states District court
Scuthern District of New York
_____ x

United States of America.

– V –

Mondher Bejaoui.

Defendant
_____ x

Case No.

10 Cr. 553 (SHs)

Defendant's Request to Jury
instructions

Mondher Bejaoui
Defendant Prose.

01/03/ 2013

# Table of Contents

## Requests

Page

1. Standard Jury instructions ——— 1

2. The Indictment ——— 4

3. Multiple Counts / one defendant ——— 5

## The charges And Elements

4. the Indictment And the statute ——— 6

5. Element of the offense ——— 9

6. First Element : scheme or Artifice ——— 12

7. Second Element : Participation in scheme w/ intent ——— 18

8. Third Element : Use of Mails ——— 24

9. Venue ——— 26

10. Variance in dates / Amount ——— 28

01/03/2013

Additional Instructions

11- Unindicted Co-conspirator as Government
    Witness _____ 30

12 - Missing witness Not Equally Available
    to defendant _____ 31

01/03/07                    Request NO. 1

Standard Jury instructions:

I have learned that the court gives standard Jury instructions in every case and we are not required to file proposed instructions concerning these matters.

I have learned that the court will give a preliminary charge to the jury at the start of the case as well as at the end — And the followings are the court's standard instructions:

1. Province of the court and Jury

2. Evidence in the case

3. Direct and circumstantial Evidence

4. Questions are not Evidence

5. Jury's Recollection controls

6. Court's questions to witnesses

7. objections and Rulings

page 1 of 34

01/03/07

8 Presumption of Innocence / Burden of Proof

9 Reasonable Doubt

10 Effect of the failure of Accused to testify (if applicable).

11 Credibility of witnesses

12 Credibility of Accused as Witness (if applicable)

13 Law Enforcement witness (if applicable)

14 Expert witness (if applicable)

15 Expert opinion (if applicable)

16 Statement of defendant (if applicable)

17 All available evidence Need Not be Produced

page 2 of 34

01/03/2013

[18] Consider only offense charged

[19] Verdict as to Accused only

[20] Punishment and sympathy Not to be considered.

[21] Seperate consideration of each count

[22] Verdict Unanimous

[23] Jury Deliberations: Availability of exhibits, testimony and instructions.

01/03/2013

Request N0.2

The Indictment is Not Evidence

The defendant here, Mondher Bejaoui, is charged

with various crimes about which I will instruct you

shortly. Each charge is called a "Count". I will refer

to each count by the number assigned to it in the

charging instrument, called an indictment, but you

will not be furnished with the Indictment itself,

because an indictment is merely a statement of charges

and not itself evidence.

Adapted from Sand et al, Modern federal jury
instructions, Instr. 3-1 ; united states v. Mcfarlane
491 F.3d 53 (2d cir. 2007).

page 4 of 34

01/03/2013                    Request No. 3

                    Multiple Counts - One defendant


The indictment contains a total of six counts.
Each count charges the defendant with a different crime.
You must consider each count separately and return
a seprate verdict of guilty or not guilty for each
count.

whether you find the defendant guilty or not
guilty as to one offense should not affect your verdict
as to any other offense charged.


                    Adapted from Sand et al. Modern federal jury
                    instructions - Instr. 3-6


page 5 of 34

01/03/2012

Request NO.4

The Indictment and the statute

The indictment charges that the defendant devised a scheme to defraud, and in furtherance of that scheme Knowingly caused the mails to be used.

The indictment reads:

—————

————————

[The defendant respectfully requests that the Court read the indictment]

The defendant has denied that he is guilty of these charges.

The statute of mail fraud Section 1341 of

page 6 of 34

01/03/2013

Title 18 of United States Code provides:

whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretense, representations, or promises ... for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier ... or knowingly causes to be delivered by mail or such carrier according to the direction thereon .... any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both, or

page 7 of 34

01/03/2013

affects a financial institution, such person shall be fined not more than $ 1,000,000 or imprisoned not more than 30 years, or both.

01/03/2013

Request No. 5

Mail fraud: Element of the offense

In order to sustain this charges, the government must prove each of the following elements beyond reasonable doubt.

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment.

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud and that he knowingly and intentionally aided and abetted others in the scheme, and

Third, that in execution of that scheme, the

page 9 of 34

01/03/2013

defendant used or caused the use of the mail as
specified in the indictment

Adopted from Sand et al . Modern federal jury
instructions . Instr. 44-3 see United
states v. shellef , 507 F.3d 82, 107 (2d Cir 2007).

01/03/2012

Request NO.5

FIRST Element

Scheme or Artifice to Defraud

The first element that the government must prove beyond reasonable is that there was a scheme or artifice to defraud the victim of money or property.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all

page 12 of 34

01/03/2013

The various means which human ingenuity can devise and which are resorted to by an individual to gain an advantage over other by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false representations.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing to be made.

page 13 of 34

01/03/2013

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

You must distinguish here between a scheme to defraud and a scheme to deceive. A scheme to defraud must have as its goal a financial loss to the victim. A scheme to deceive is one in which false statements are made to induce a party to enter a transaction but the result is, for example the delivery of goods of appropriate value for the price paid.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the matter in which it is accomplished is immaterial.

The false or fraudulent representation must relate to material fact or matter. A material facts is one

page 14 of 34

01/03/2013

which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property. And that the scheme contemplated harm to the victim.

page 15 of 34

01/03/2013

However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element

Adapted from Sand et al. Modern federal jury instructions - Instr. 44-5 see United states Supreme Court: Skilling v. United states, 561 U.S. —,

page 16 of 34

01/3/2013

130 S.ct. 2896, 177 L.Ed 2d 619 (2010);
McNally v. United states, 483 U.S.350, 107 S.Ct.
2875, 97 L.Ed.2d 292 (1987); affiliated Ute
Citizens v. United states, 406 U.S.128, 92 S.ct.
1456, 31 L.Ed.2d 741 (1972)
Second Circuit: United states v. Mafes, 459 F.3d154
(2d Cir.2006); United states V. DiNome 86 F.3d
277 (2d Cir. 1996)

01/03/2013

Request No. 67

Second Element

Participation in scheme with Intent

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud

"Knowingly" means to act voluntairily and deliberately, rather than mistakenly or inadvertenty.

"A person act knowingly" if he acts intentionally and voluntarily, and nd because of ignorance, accident, or careless, whether the defendant acted knowingly may be proven by defendant's conduct and by all the fact and circumstances surrounding the case.

"willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is

page 18 of 34

01/03/2013

to say, with bad purpose either to disobey or to disregard the Law.

To sustain its burden of proof the government must prove that the defendant acted willfully.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence or mistake or was the result of a good faith misunderstanding of the requirement of the Law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirement of the Law, or whether he knew what he was required to do and deliberately did not do so

"Intent to defraud" means to act knowingly and with specific intent to deceive, for the purpose of causing some financial or property loss to another.

page 19 of 34

01/03/2013

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential

page 20 of 34

01/03/2013

elements of the crime must be established beyond reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is complete defense to a charge of mail fraud. defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond reasonable doubt.

Under the mail fraud statute, even false representations or statement, or omissions of material facts do not amount to fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate statements may turn out to be.

page 24 of 34

01/03/2013

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

The government can also meet its burden of showing the defendant had knowledge of the falsity of the representations if it establishes beyond reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conscious purpose to avoid learning the truth. If the government establishes that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant believed the statement to be true, he may not be convicted.

page 22 of 34

01/03/2013

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defrand, you should find the defendant not guilty. On the other hand, if you find the ~~defendant~~ government has established beyond reasonable doubt that the defendant was a knowing participant and acted with specific intent to defrand then you must examine the third element that the government must establishes that I am about to instruct you about.

Adapted from Sand et al. Modern Jury instructions Instru 44-5 see United States supreme court: McNally v. United States, 483 U.S. 350, 107 S.Ct. 2875, 97L.Ed 2d 292 (1987). United states v. Dupre, 462 F.3d 131 (2d Cir. 2006), United states v. Berkovich, 168 F.3d 64 (2d cir, 1999). United states v. Homa 387 F.3d 144 (2d cir. 2004) United states v. Droge 961 F.2d 1030 (2d cir. 1992) United states v. Gansman, 657 f.3d 85 (2d cir. 2011) and United states v. ferguson, 653 f.3d 61 (2d cir. 2011).

page 23 of 34

01/03/2013

Request NO. 8

Third Element

Use of Mails

The third element that the government must establish beyond reasonable doubt is the use of the mails in furtherance of the scheme to defraud. The use of the mails as I have used it here includes material sent through either the united states Postal service or a priviate or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

The government must prove that the defendant caused the use of the mails and mailings after the scheme has been completed are not sufficient to support the charges

page 24 of 34

01/03/2013

with respect to the use of mails, the government must establish beyond reasonable doubt the particular mailing charged in the indictment. However, the government does not have to prove that the mailing were made on the exact date charged in the indictment. it is sufficient if the evidence establishes beyond reasonable doubt that the mailing was made on a date substantially similar to the date charged in the indictment

> Adapted from Sand et al. Modern Federal Jury instructions. Instr. 44-7 - united states v. schmuck, 489 U.S 705, 109 s.ct 1443, 103 L.Ed.2d 734 (1989) united states v. Tocco, 135 F.3d 116, 124 (2d cir 1998) (reversing wire fraud because defendant did not cause e-mail to be sent ). United states v. Rybicki (2d cir 2002) 287 F.3d 257 united states v. Novak 443 F.3d 150,156 (2d cir. 2005)

page 25 of 34

01/03/2013                    Request No. 9

## Venve

while we are on the subject of the elements, I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occured on or about a certain date, and the evidence indicates, in fact, it was on another date.

The Law only requires a substantial similarity, between the dates alleged in the indictment and the date establish by testimony or exhibits.

Thus, if the indictment charges that certain amount was involved, and the testimony or exhibits indicate that, in fact, a different amount was involved, it is for you to determine whether the difference is material and, if you find it was material, then you must find the defendant not guilty.

page 26 of 34

01/03/2013

Adapted from Sand et al. Modern Federal
jury instructions. Instr. 3-12 and 3-13
See United States v. Mc Farlane 491 f.3d53
(2d Cir. 2007): the charge of the honorable
Jed S. Rakoff. And United States v. Koss
506 F.2d. 1103 (2d Cir 1974).

01/03/2013                Request NO. 10

Variance in Dates, Amounts

In addition to the foregoing elements of the offense you must consider whether the government proved beyond reasonable doubt any act in furtherance of the crime occured within the Southern District.

You are instructed that the Southern District encompasses Manhattan, the bronx, Westchester, Rockland, Putnam, Dutches, orange and sullivan counties.

In this regard, the government need not prove that the crime itself was committed in this district or that the defendant himself was present bare within the Southern district.

If you find that the government has failed to prove beyond reasonable doubt any act in furtherance of the crime occured within this district. Then you must acquit.
page 28 of 34

01/03/2013

Adapted from sand et al. Modern federal jury instructions. Instr. 3-11, see United states v. sulton, 13 F.3d 595, 598 (2d cir. 1994 United stats v. Grammatikos 633 F.2d 1013, 1023 (2d ci 1980) . United stats v. potamitis 739. F2d 784, 791-92 (2d cir 1984) (Quoting the second circuit has specifically affirmed a change by the honorable Edward Weinfeld in et which he submitted the venue issue to the jury with instructions that the government must prove venue beyond reasonable doubt).

page 29 of 34

01/03/2013               Request No. 110

                Unindicted Co-Conspirator as Government Witness


        The Government has called as witnesses people
who are named by the prosecution as co-conspirators
but who were not charged as defendants.

        For this reason, you should ex cercise caution in
evaluating their testimony and scrutinize it with great
care. You should consider whether they have interest in
the case and whether they have motive to testify falsely.

        In other words, ask yourselves whether they have
a stake in the outcome of this trial. As I have indicated,
their testimony may not be accepted by you if you believe
it to be false and it is up to you, the jury, to decide what
weight, if any, to give to the testimony of these unindicted
witnesses.

                Adapted from Sand et al. Modern federal Jury
                instructions. Instr 7-7 see United States v.
                Henry 325 f.3d 93 (2d cir 2001), and united
                states v. santana 503 f.2d 710 (2d cir 1974)
page 30 of 34

01/03/2013    Request NO. 14

Missing Witness Not Equally Available to Defendant

You have heard evidence about [name of missing witness], who has not been called to testify. The defense argue that [Name of missing witness]'s testimony could have been important, could have given material testimony and that the government was in the best position to produce this witness - He was available as a witness only to the government and not to the defense.

If you find that the government could have called [name of missing witness] as a witness and that the witness would have given important new testimony relevant to the defendant's innocence, you are permitted to infer that [name of missing witness]'s testimony would have been unfavorable to the government.

page 31 of 34

01/03/2013

Adapted from Sand et al. Modern federal
jury instructions. Instr. 6-5 The charge
of the honorable Robert P. Patterson, Jr in
United state v. Dominguez-Gabriel 2011 U.S Dist
Lexis 44053 - see United state v. Nichols
912 F.2d 598, 601 (2d cir. 1990), United
states v. Solomon 53 Fed. Appx 576 (2d cir.
2002), and United state v. Mercado 573 f.3d 138,
141 (2d cir, 2009).

01/03/2013

## Conclusion

Now each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation.

It is your duty to discuss the evidence. If you have a point of view, and after reasoning with other jurors it appears that your judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.

However, you are not to give up a point of view that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are

page 33 of 34

01/03/2013

Convinced on the evidence and the facts and the law
that is the correct way to decide the case.

Your verdict must be by a unamious vote
of all of you.

dated January 03, 2013

CC: Preet Bharara
U.S. Attorney
Scuthern District
of New York
One Saint Andrew's
New York, NY 10007

Respectfully submitted

x Mondher Bejaoui

Mondher Bejaoui

Defendant Prose