UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                :

UNITED STATES OF AMERICA,       :

                                                :

         – *against* –              :          10 Cr. 553 (SHS)

                                                :

MONDHER BEJAOUI,                  :          (Filed Electronically)

                                                :

                 Defendant.           :

-------------------------------------------------------x

                MEMORANDUM OF LAW IN SUPPORT OF
      DEFENDANT MONDHER BEJAOUI'S MOTIONS I*N LIMINE*


                                                       JOSHUA L. DRATEL
                                                       DRATEL & MYSLIWIEC
                                                       2 Wall Street, 3rd Floor
                                                       New York, New York 10005
                                                       (212) 732-0707
                                                       jdratel@joshuadratel.com

                                                       *Attorneys for Defendant Mondher Bejaoui*


– *Of Counsel* –

Joshua L. Dratel
Lindsay A. Lewis

**TABLE OF CONTENTS**

ARGUMENT

POINT I

THE COURT SHOULD ORDER THE GOVERNMENT
TO DISCLOSE IMMEDIATELY ANY EXCULPATORY
MATERIAL OR INFORMATION IN ITS POSSESSION,
IN PARTICULAR WITH REGARD TO THE REASONS
FOR THE DISMISSAL OF MR. BEJAOUI'S STATE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT II

THE COURT SHOULD EXCLUDE ANY EVIDENCE
DURING THE GOVERNMENT'S CASE-IN-CHIEF
REGARDING MR. BEJAOUI'S NEW YORK STATE
CASE PURSUANT TO RULE 404(B), FED. R. EVID . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A.   *The Applicable Legal Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      1.   *The Legal Standards Relevant to Rule 404(b), Fed.R.Evid* . . . . . . . . . . . . . . . . . . 4

      2.   *The Legal Standards Relevant to Rule 401, 402 and 403, Fed.R.Evid* . . . . . . . . . 5

B.   *A Proper Purpose Does Not Exist For Introduction of Evidence of Mr. Bejaoui's
       New York State Case, and Thus Evidence of Mr. Bejaoui's State Case Would
       Be Offered By the Government Solely to Demonstrate His Criminal Propensity* . . . . . . . 5

C.   *No Similarity or Meaningful Connection Can Be Established Between Mr.
       Bejaoui's Sole Prior Arrest For Harassment and His Insurance Fraud Case* . . . . . . . . . 6

D.   *The Unfair Prejudice Generated by the Rule 404(b) Evidence Outweighs Any* De Minimis
       *Probative Value Under the Rule 403, Fed.R.Evid., Balancing Test, and
       a Limiting Instruction Would Not Sufficiently Mitigate That Undue Prejudice* . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
             :
UNITED STATES OF AMERICA,    :
             :
             :
    – against –             :    10 Cr. 553 (SHS)
             :
MONDHER BEJAOUI,            :
             :
    Defendant.            :
             :
--------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT MONDHER BEJAOUI'S MOTIONS I*N LIMINE*

    Defendant Mondher Bejaoui, through his undersigned counsel, respectfully moves the Court *in limine* for (1) an Order requiring the government to immediately disclose any exculpatory material in its possession, in particular with regard to the reasons for the October 10, 2010, dismissal of Mr. Bejaoui's New York State harassment case, *People v. Mondher Bejaoui*, Case No. 06397-2007, pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963); and (2) an Order excluding, pursuant to Rules 401, 402, 403, and 404(b), Fed. R. Evid., any evidence during the government's case-in-chief regarding Mr. Bejaoui's New York State case that resulted in a dismissal.

1

ARGUMENT

POINT I

**THE COURT SHOULD ORDER THE GOVERNMENT
TO DISCLOSE IMMEDIATELY ANY EXCULPATORY
MATERIAL OR INFORMATION IN ITS POSSESSION,
IN PARTICULAR WITH REGARD TO THE REASONS
<u>FOR THE DISMISSAL OF MR. BEJAOUI'S STATE CASE</u>**

Mr. Bejaoui herein renews the motion made by his former counsel, Jean D. Barrett, Esq., requiring the government to disclose evidence favorable to the accused, pursuant to *Brady v. Maryland*. 373 U.S. at 87. *See* Point VI of the November 26, 2010, Pretrial Motions on Behalf of Mondher Bejaoui. In particular, Mr. Bejaoui requests that the government disclose any information regarding the reasons for the dismissal of Mr. Bejaoui's New York State case, *People v. Mondher Bejaoui*, Case No. 06397-2007.

The grounds for the dismissal of Mr. Bejaoui's state case were at issue during the November 8, 2010, bail hearing held before this Court. Various representations were made at that time by both Ms. Barrett and Assistant United States Attorney Rachel P. Kovner as to why the case had been dismissed, but the discrepancy in these positions was never fully rectified.

At the outset, Ms. Barrett stated that, according to a filing by the People, the case had been dismissed, "because of the complaining witness's repeated failure to appear, which began as early as 2008." *See* November 8, 2010, Transcript of Bail Hearing, at 12.

AUSA Kovner, on the other hand, posited that "the case was dismissed for several reasons" including that "[t]he defendant was brought here [into federal custody], and while it's possible to bring the defendant from federal custody to state custody, it's relatively burdensome for the state" and that Kawsar Mansy, "the individual that Mr. Bejaoui was charged with

2

harassing, had moved out of state, and so it was difficult for the state to bring the witness back." *Id*., at 14.

The government's latter position, however – that New York State had had difficulty bringing Ms. Mansy, the individual Mr. Bejaoui had been accused of harrassing, to court because she lived out of state – was undermined by statements made to Ms. Barrett by Laura Pisane, a friend of Ms. Mansy's, that Ms. Mansy "is actually in Brooklyn, and she is not living out of state." *Id*., at 17.

During the conference, AUSA Kover also informed the Court that she had

> been in regular contact with the ADA in the state from the time that [she] became involved in [Mr. Bejaoui's federal case] here up until about a week before [that] appearance when [she] called to talk about the dismissal and some other issues related to this case.

*Id.*, at 14.

Also, the March 23, 2012, Report from FMC Butner (hereinafter "Butner Report") noted that AUSA Kovner had provided information about the dismissal, including that "the State of New York eventually dropped that case because he would have been sentenced to time served anyway and there were concerns about his mental status." *See* Butner Report, at 3. In addition, during the hearing to determine whether Mr. Bejaoui was competent, defense counsel raised the issue and demanded any *Brady* material in that regard.

Accordingly, the government should be compelled to disclose immediately any further information it possesses regarding the reasons for the dismissal of Mr. Bejaoui's New York State case that are favorable to Mr. Bejaoui.

## POINT II

**THE COURT SHOULD EXCLUDE ANY EVIDENCE DURING THE GOVERNMENT'S CASE-IN-CHIEF REGARDING MR. BEJAOUI'S NEW YORK STATE CASE PURSUANT TO RULE 404(B), FED. R. EVID**

As detailed below, the Court should exclude any evidence during the government's case-in-chief regarding Mr. Bejaoui's New York State harassment case, pursuant to Rules 401, 402, 403, and 404(b), Fed.R.Evid. Not only was that case dismissed just after the commencement of the instant case, but the harassment alleged in that case has no bearing on, and is in fact entirely irrelevant to, Mr. Bejaoui's federal case, which is limited solely to allegations of insurance fraud.

Mr. Bejaoui, however, reserves his right to raise his state case at trial, and has not yet made a decision as to whether he will do so. Such a decision will likely be made during trial. This issue is flagged in advance for a determination whether and to what extent Mr. Bejaoui "opens the door" (through cross-examination) to evidence otherwise precluded.

**A.**     *The Applicable Legal Standard*

   **1.**     *The Legal Standards Relevant to Rule 404(b), Fed.R.Evid.*

As the Second Circuit explained in *United States v. Colon*, 880 F.2d 650 (2d Cir. 1989)"[t]he standards by which a district court is to assess the admissibility of other acts evidence under Rule 404(b) are now well established." *Id*., at 656. *See also Huddleston v. United States*, 485 U.S. 681 (1988).

Employing that standard, the trial court must first determine whether the evidence is offered for a proper purpose, namely, "to prove matters other than the defendant's criminal propensity." *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988). If the evidence is offered

for a proper purpose, the district court must then determine whether "[t]he offered evidence [is] relevant . . . to an issue in the case," pursuant to Rules 401 and 402, Fed.R.Evid., and whether "the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice," under the "balancing test of Fed.R.Evid. 403." 857 F.2d at 903; *Huddleston,* 485 U.S. at 691. Ultimately, "if requested to do so, the court must give an appropriate limiting instruction to the jury." *Colon*, 880 F.2d at 656.

> 2.   ***The Legal Standards Relevant to Rules 401, 402, and 403, Fed.R.Evid.***

Rule 401, Fed.R.Evid., defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Fed.R.Evid. Rule 402 requires the exclusion of irrelevant evidence. Rule 402, Fed.R.Evid.

Pursuant to Rule 403, Fed.R.Evid., even *relevant* evidence is excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed.R.Evid.

**B.**   ***A Proper Purpose Does Not Exist For Introduction of Evidence of Mr. Bejaoui's New York State Case, and Thus Evidence of Mr. Bejaoui's State Case Would Be Offered By the Government Solely to Demonstrate His Criminal Propensity***

Pursuant to Rule 404(b), Fed.R.Evid., evidence is only admissible when the asserted purpose of the evidence is at issue in the trial, *e.g.*, to prove the defendant's *mens rea* where the defendant has asserted a state of mind defense. Thus, as set forth **ante**, other act evidence is admissible only "to prove matters other than the defendant's criminal propensity." *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988). Since the government cannot possibly demonstrate a

5

proper purpose for the admission of Mr. Bejaoui's harassment case in its case-in-chief, it is clear that its sole purpose for introducing Mr. Bejaoui's prior New York state harassment charges would be to establish his propensity to commit the charged crime.

C. *No Similarity or Meaningful Connection Can Be Established Between Mr. Bejaoui's Sole Prior Arrest For Harassment and His Insurance Fraud Case*

Even assuming *arguendo* that the government could set forth a proper purpose for the admission of Mr. Bejaoui's prior arrest, the arrest would still be inadmissible because of other serious evidentiary deficiencies that further reduce any relevance or probative value the Rule 404(b) evidence might possess, namely that the harassment charges lack similarity or a meaningful connection to his insurance fraud case.

Second Circuit case law establishes that when the government offers evidence for a proper purpose, such as to show knowledge when it is at issue, "[t]he government must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." *United States v. Garcia*, 291 F.3d, 127, 137-138. If the government cannot make the all-important connection between the current offense and the prior act, then evidence of the prior act is not relevant. *Id.*, 137.

Thus, even if the government could show that it seeks to introduce Mr. Bejaoui's prior harassment case, for a proper purpose, the evidence would nonetheless be irrelevant and thus inadmissible under Rule 404(b) because the only similarity between Mr. Bejaoui's harassment case and the charges in this case, which allege insurance fraud, are that Kawsar Mansy is a potential witness in both. This tenuous connection is not enough to warrant the introduction of Mr. Bejaoui's harassment charged into his insurance fraud prosecution.

**D.**     *The Unfair Prejudice Generated by the Rule 404(b) Evidence Outweighs Any* **De Minimis** *Probative Value Under the Rule 403, Fed.R.Evid., Balancing Test, and a Limiting Instruction Would Not Sufficiently Mitigate That Undue Prejudice*

Pursuant to Rule 403, Fed.R.Evid, even *relevant* evidence is excluded when its "probative value is substantially outweighed by the danger of unfair prejudice." *Id*. The Advisory Committee's notes to Rule 403 define "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." Thus, the Supreme Court has stated that unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

In the present case, the government's Rule 404(b) evidence, even if relevant and admitted for a proper purpose, which as established **ante**, it is not, cannot be admitted at trial because its probative value is overwhelmed by its unfair prejudicial effect on the jury's ability to decide this case on a proper basis, *i.e.*, the evidence presented with respect to the charged conduct.

The dissimilarity between Mr. Bejaoui's sole prior arrest for harassment and the charges in this case, and the government's failure to assert a relevant and proper purpose for the introduction of the prior act evidence, leaves the evidence of Mr. Bejaoui's harassment case devoid of *any* probative value. Yet, by contrast, a jury might harp on the nature of the prior charges and would be hard pressed to omit from its consideration this sole prior blemish on Mr. Bejaoui's record, that amounted to nothing more than a dismissal more than two years ago.

Nor would a limiting instruction be sufficient to prevent the jury from convicting Mr. Brajoui upon the evidence of his prior arrest. As the Second Circuit declared in *United States v.*

*Figueroa*,

> the balancing required by Rule 403 for all evidence would not be needed if a limiting instruction always insured that the jury would consider the evidence only for the purpose for which it was admitted. Giving the instruction may lessen but does not invariably eliminate the risk of prejudice notwithstanding the instruction. Rule 403 balancing must therefore take into account the likelihood that the limiting instruction will be observed. . . . The trial judge, sensitive to the realities of the courtroom context [,]. . . must simply include a sound estimate of the likely force of limiting instructions in the overall Rule 403 determination.

618 F.2d 934, 943 (2d Cir. 1980) (additional citations omitted).

Here, an instruction certainly would not eliminate the risk of prejudice, and would not be adequate to prevent the jury from deciding the case on an improper basis. Thus, the prior act evidence must thus be excluded under Rule 403.

**Conclusion**

Accordingly, for all the reasons set forth above, it is respectfully submitted that the Court should require the government to immediately disclose any exculpatory *Brady* material in its possession, in particular with regard to the reasons for the October 10, 2010, dismissal of Mr. Bejaoui's New York State harassment case, and should not permit the government to introduce Rule 404(b) evidence regarding that case.

Dated: January 18, 2013
       New York, New York

                                            Respectfully submitted,

                                            /s/Joshua L. Dratel
                                            Joshua L. Dratel
                                            DRATEL & MYSLIWIEC
                                            2 Wall Street, 3rd Floor
                                            New York, New York 10005
                                            (212) 732-0707
                                            jdratel@joshuadratel.com

                                            *Attorneys for Defendant Mondher Bejaoui*

– Of Counsel –

Joshua L. Dratel
Lindsay A. Lewis