UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,      :
        :
        :
      – against –      :      10 Cr. 553 (SHS)
        :
MONDHER BEJAOUI,      :      (Electronically Filed)
        :
      Defendant.      :
--------------------------------------------------------x

### DEFENDANT MONDHER BEJAOUI'S PROPOSED *VOIR DIRE*

Beyond the ordinary and customary *voir dire* inquiry conducted by the Court, and taking into account the Government's Proposed Examination of Prospective Jurors (Dkt. # 71), Mr. Bejaoui respectfully requests that the Court ask questions related to the following subjects:

### ETHNICITY/NATIONALITY/IMMIGRATION

1.    Mr. Bejaoui is originally from Tunisia.  Is there anything about your personal experiences or beliefs or what you have seen in the media that would affect your ability to be a fair and impartial juror in a case involving charges against a man of North-African descent?

2.    Do you have any feelings about people immigrating to the United States that would affect your ability to be a fair and impartial juror in a case involving charges against a person who immigrated to the United States?

3.    In answering the previous question, would it matter to you whether or not the person legally or illegally immigrated to the United States?

4.    Do you believe that the protections of the Constitution of the United States should extend to both citizens and non-citizens?

5.    In answering the previous question, would it matter to you whether or not a non-citizen legally or illegally immigrated to the United States?

## LAW ENFORCEMENT

6.      Do you believe that law enforcement officers are more or less credible than other witnesses?

## LEGAL PRINCIPLES

7.      Do you accept that no inference can be drawn about a defendant's guilt or innocence based on a defendant's decision not to testify?

8.      Do you accept as a rule of law that a defendant is under no obligation to testify?

9.      Do you believe that reasonable doubt can be based not only on evidence, but also on the lack of evidence?

10.     Do you accept that the burden of proving guilt beyond a reasonable doubt rests entirely with the government?

11.     Do you accept that the defendant is not required to prove his innocence?

## NATURE OF THE CHARGES

12.     Has any juror's relative, close friend or associate ever been the victim of an offense involving insurance fraud?

13.     Has any juror ever had any positive experiences with the NYAIP, NYSID, American Transit, the Robert Plan, Hudson Insurance, or the TLC which would affect his or her ability to be a fair and impartial juror in this case?

## EXPERIENCE AS A WITNESS, DEFENDANT, OR CRIME VICTIM

14.     Has any juror ever worked for a business that has been a witness, defendant or victim of a crime?

## RELIGION

15.     Does any juror have any religious, philosophical or other belief which would make him or her unable to render a *not* guilty verdict for reasons unrelated to the law and the evidence?

Mr. Bejaoui respectfully requests that the Court require each juror to provide the following background information, in addition to the items stated in the Government's Proposed Examination of Prospective Jurors, at 13, ¶ 37 of their submission:

1.      Whether each prospective juror has ever worked (a) in the insurance industry; and/ or (b) in the taxi and/or limousine business as a driver or otherwise, and the nature and duration of such employment;

2.      Whether each prospective juror has ever traveled outside of the United States (excluding Canada and Mexico) and the travel destination(s);

3.      Whether each prospective juror has ever lived outside of the United States, and the location of their residence(s); and

4.      Where each juror has lived within New York State (name of counties).

Mr. Bejaoui also objects to the following aspects of the Government's Proposed Examination of Prospective Jurors:

●      with regard to proposed *voir dire* inquiring as to "knowledge of the trial participants" (Government's Proposed Examination of Prospective Jurors, at 5, ¶ 11), Mr. Bejaoui objects to the italicized language requiring him to rise so that the prospective jurors can determine whether they know him, on the basis that Mr. Bejaoui will be in a wheelchair;

●      Mr. Bejaoui objects to proposed *voir dire* inquiring as to whether prospective jurors will "accept the proposition that . . . empathy must not enter into deliberations of the jurors." *See* Government's Proposed Examination of Prospective Jurors, at 11, ¶ 32; and

●      Mr. Bejaoui requests that the Court conduct its own and/or customary *voir dire* inquiry in lieu of the government's proposed examination of prospective jurors regarding "The Charges" and "Function of the Court and Jury." *See* Government's Proposed Examination of Prospective Jurors, at 2; 10, ¶ 32.

Dated: January 24, 2013
      New York, New York

                                    Respectfully submitted,

                                    /s/Joshua L. Dratel
                                    Joshua L. Dratel
                                    DRATEL & MYSLIWIEC
                                    2 Wall Street, 3rd Floor
                                    New York, New York 10005
                                    (212) 732-0707
                                    jdratel@joshuadratel.com

                                    *Attorneys for Defendant Mondher Bejaoui*

   – Of Counsel –

Joshua L. Dratel
Lindsay A. Lewis