UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                                :
UNITED STATES OF AMERICA
                                :
            - v. -                      10 Cr. 553 (SHS)
                                :
MONDHER BEJAOUI,
                                :
            Defendant.
                                :
- - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN OPPOSITION
TO DEFENDANT MONDHER BEJAOUI'S MOTION *IN LIMINE***


                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York
                        One St. Andrew's Plaza
                        New York, New York 10007


RACHEL P. KOVNER
KAN M. NAWADAY
Assistant United States Attorneys
      -Of Counsel-



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 25, 2013

**By ECF and Hand Delivery**
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:  **United States v. Mondher Bejaoui,**
**10 Cr. 553 (SHS)**

Dear Judge Stein:

The Government writes in response to the defendant's motion *in limine* of January 18, 2013.

The Government opposes the defendant's motion seeking "an Order requiring the government to immediately disclose any exculpatory material in its possession, in particular with regard to the reasons for the October 10, 2010 dismissal of Mr. Bejaoui's state harassment case." First, the Government recognizes its obligations under *Brady* v. *Maryland,* 373 U.S. 83 (1963), and its progeny, and will produce any *Brady* material to the defendant upon learning of its existence, but is not aware of any undisclosed *Brady* material.   Because the Government has made a good-faith representation to the Court and defense counsel that it recognizes and has complied with its disclosure obligations under *Brady,* the defendant's request for an order to disclose *Brady* material should be denied.  *See, e.g.*, *United States* v. *Gallo,* No. 98 Cr. 338 (JGK), 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999) *United States* v. *Yu,* No. 97 Cr. 102 (SJ), 1998 WL 57079, at *4-5 (E.D.N.Y. Feb. 5, 1998) *United States* v. *Perez,* 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (same).  Indeed, the defendant in this case (through prior counsel) sought an order compelling *Brady* disclosure in an omnibus motion, which the Government opposed on the grounds set forth above.  The Court denied the defendant's motion on December 23, 2010.

Moreover, insofar as the defendant's motion is focused on the defendant's state harassment case, the request should be denied for additional reasons. First, because *Brady* requires only the disclosure of evidence favorable to an accused that is material to the defendant's guilt or punishment, *see* 373 U.S. at 87, material pertaining to a separate and long-dismissed harassment case is not *Brady* material in the current prosecution for insurance fraud. Indeed, the defendant concedes as much, arguing elsewhere in his motion that "the harassment alleged in that case has no bearing on, and is factually irrelevant to, Mr. Bejaoui's federal case, which is limited solely to allegations of insurance fraud."  (Def't Mem. at 4).  Second, in any

Hon. Sidney H. Stein
January 25, 2013
Page 2

event, the Government is not presently aware of any exculpatory evidence in its possession pertaining to the state charge.[1]

       The defendant also seeks a ruling precluding the Government from offering evidence of the defendant's harassment of one of his employees in its case-in-chief, contending that such evidence would not be admissible under Federal Rule of Evidence 404(b).   The Government does not intend to offer evidence of the harassment under Rule 404(b) and does not expect to elicit testimony regarding the harassment on direct examination unless the defendant himself expects to question witnesses regarding that prior case.  If the defendant intends to impeach the former employee who brought the harassment charge through questioning about the prior case, the Government respectfully seeks permission to first question the former employee about the harassment case on direct examination.  Were the defendant to cross-examine the witness about the prior case without the Government's being permitted to raise the same topic on direct examination, it would leave the jury with the grossly unfair misimpression that the Government or its witness were seeking to conceal the prior case from the jury.

       Respectfully submitted,

       PREET BHARARA
       United States Attorney

By:      _____/s/_____
       Rachel P. Kovner
       Kan M. Nawaday
       Assistant United States Attorneys
       Tel.: (212) 637-2470 / 2311

CC:    Joshua Dratel, Esq. (By Electronic Mail)

---

[1] In an effort to avoid unnecessary litigation, the Government has far exceeded any production obligations with respect to the state prosecution. First, the Government produced in its Jencks Act disclosures not simply the statements of the state's victim-witness concerning the defendant's insurance fraud scheme but also the witness's statements concerning the harassment charge as reflected in the police reports and notes in the Government's possession.  Second, in response to the defendant's requests, the Government provided defense counsel with the Government's notes concerning a conversation with the state prosecutor handling the harassment case.  Those notes — which are contained in a computer file whose metadata reflects that they were taken about two weeks after the state case's dismissal — indicate that an Assistant District Attorney provided precisely the reasons for the dismissal of the state charge that a federal prosecutor outlined in court proceedings in this case.  They also note the state's conclusion that the state had sufficient evidence to prevail at trial. The Government is not aware of evidence that the state case was dismissed for reasons related to competency or to insufficient evidence.