USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 10 Cr. 553 (SHS) |
| -against- | ORDER |
| MONDHER BEJAOUI, Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Mondher Bejaoui has moved in limine for: (1) an order requiring the government to disclose any exculpatory material in its possession, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and in particular the reasons underlying the October 10, 2010 dismissal of state harassment charges against Bejaoui; and (2) an order precluding the government from introducing at trial in its case-in-chief any evidence regarding those harassment charges, pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b). The Government responded on January 25, 2013, representing that (1) it recognizes and has complied with its *Brady* obligations; and (2) it does not intend to introduce evidence of the harassment charges or elicit testimony about them on direct examination, as they are irrelevant to this prosecution. The Government requested, however, that the Court grant it leave to question the complaining witness in the harassment action—a proposed government witness in Bejaoui's upcoming trial—about the harassment charges on direct examination if Bejaoui intends to raise the issue on cross-examination.

    With respect to Bejaoui's first request, the Court finds no reason to question the Government's good-faith representation that it has already complied with its disclosure obligations pursuant to *Brady*. As such, that aspect of the defendant's motion in limine is dismissed as moot. If

1

subsequent to this order, the Government learns of the existence of additional *Brady* material, it must produce that material to the defendant in a timely fashion.

Regarding Bejaoui's request for an order of preclusion, the Court agrees with the parties that the state harassment charges filed against Bejaoui are irrelevant to this federal prosecution. The Government is therefore precluded from adducing evidence regarding those charges in its case-in-chief.

If, however, the defendant intends to impeach the complaining witness's testimony for the Government by adducing from her that she charged defendant in state court with harassing her, the Government will be permitted to affirmatively introduce evidence of that fact during its direct examination of that witness.

February 8, 2013

SO ORDERED:

Sidney H. Stein, U.S.D.J.