TRULINCS 63673054 - BEJAOUI, MONDHER - Unit: BRO-H-A

---

FROM: 63673054
TO:
SUBJECT: MEMORANDUM OF LAW
DATE: 03/31/2013 05:04:54 PM

UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF NEW YORK
..................................................X
    UNITED STATES OF AMERICA

        Plaintiff,



                                    INDICTMENT NO.
                                    10 cr 553 (SHS)

    - V -

    MONDHER BEJAOUI

        Defendant.

..................................................X

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MONDHER BEJAOUI'S APPLICATION TO WAIVE HIS RIGHT TO COUNSEL AND REASSERT HIS RIGHT TO SELF-REPRESENTATION.

   Defendant Mondher Bejaoui, moves the court for an order to waive his right to counsel, and reassert his right to self-representation. Because the defendant did not waive his right to self-representation by abandonment , and he has constitutional right to proceed without counsel, the court is elected to honor defendant's application.

   The court's foundational "self-representation" case, Faretta v. California 422 U.S .806,835 held that the Sixth and Fourteenth Amendments include a " Constitutional right to proceed without counsel", when a criminal defendant "voluntarily and intelligently elects to do so" (Id. at 807). The court implied that right from , (1) a "nearly universal conviction", made manifest in state law, that "forcing a lawyer upon unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so" (Id.at 817-818). (2) the Sixth Amendment language granting rights to the accused, the Sixth amendment structure indicating that the rights it sets forth, related to the "fair administration of American justice" are "personal" to the accused. (3) the absence of historical examples of forced representation , respect of the individual. a knowing and intelligent waiver of counsel must be honored out of that respect for the individual which is the lifeblood of the law. Indiana v. Edwards 554 U.S .164 (2008)

   On November 27,2012, the court found the defendant Mondher Bejaoui competent to represent himself at trial, and that he made a knowing, voluntary, and explicit request to proceed pro se, (see Nov. 27,2012 Hearing Transcript at 24-25). On January 08,2013 , the court granted the defendant request to appoint an investigator, insurance underwriter, and the issuance of several subpoenas to help assist the defendant with his scheduled trial of 01/16/2013 ( see Jan. 08,2013 Hearing Transcript at 12-15). Because the defendant was not afforded the opportunity to consult with the investigator, the insurance expert and execute the subpoenas, a meeting with his stand-by counsel was scheduled on 01/15/2013, where the defendant expressed his concerns about the lack of preparation , and the court failure to fulfill its obligation in not allowing him to communicate with the per se granted appointment of an investigator, and insurance expert.

TRULINCS 63673054 - BEJAOUI, MONDHER - Unit: BRO-H-A

----------------------------------------------------------------------------------

FROM: 63673054
TO:
SUBJECT: MEMORANDUM OF LAW
DATE: 03/31/2013 07:11:32 PM

On the next day ,which is January 16,2013, while been placed in a holding cell, outside the courtroom, the defendant was instructed by a Deputy Marshall to remove his prison garment, and to wear a provided civilian clothes that were three sizes smaller than the defendant size, and was ordered to transfer to a broken wheelchair that lack a foot-rest, then he was rolled into the courtroom where he learned about an unauthorized letter that was filed by his stand-by counsel suggesting the defendant's desire to relinquish his self-representation ( see Jan.16, 2013 Hearing Transcript at 13). During this scheduled trial date, the court held an Exparte discussion about the sudden additional 3500 materials, the lack of preparation , and the inability to consult with the investigator, the insurance expert, and the clerk of the court failure to execute the subpoenas. The defendant renewed his request for continuance, thereafter the court instructed the defendant to have 15 minutes to decide whether to proceed to trial unprepared or evoke his self-representation to stand-by counsel Joshua Dratel, who stated that if he were to be reappointed as the attorney on record, he is currently committed to another trial , in another state, and projected six-week duration on that trial , the court adjourned the trial of this case to April 1,2013 ( see Jan.16,2013 Hearing Transcript at 33-38).

Soon thereafter, the defendant learned that Mr. Dratel when acting as a stand-by counsel had committed numerous professional misconduct, for example - Mr. Dratel disclosed content of defendant's Exparte discussion to Rachel Kovner, an assigned Assistant United States Attorney to this case, he also withdraw defendant's granted suppression hearing without defendant consent, he filed unauthorized application that support the government position, and consent to introduce a statement that was made in violation of the defendant constitutional right, because of the seriousness of Mr. Dratel misconduct , the defendant filed a complaint against him with the Departmental Disciplinary Committee for the Appellate Division, First Department, on February 15,2013. Mr. Dratel is required to respond to the complaint before the prescribed time period April, 03 2013. His response to defendant's complaint will rise a conflict of interest, his per se self-representation to the Disciplinary Committee investigation will give rise to a contemporaneous with his representation to the defendant in the current criminal case. For this reasons the defendant filed an application to relieve Mr. Dratel on March 05,2013.

On March 20,2013 the defendant renewed his application to waive his right to counsel and reassert his right to self-representation. By order dated March 20,2013 and received by the defendant on March 25,2013, the court denied the defendant request to relieve Joshua Dratel on the assumption that a new counsel was acquired.

A defendant faced with a choice between retaining his current court-appointed counsel and proceeding pro se, is entitled to elect the latter option because the Sixth Amendment right to the assistance of counsel implicitly embodies a correlative right to dispense with a lawyer's help. Faretta v. California 422 U.S .806,835. After disagreements with his fourth court-appointed counsel, the trial court erred in denying the defendant the right to proceed pro se " Here , notwithstanding Culbertson's assertions that he was unable to represent himself at trial, the District court did not apprise him of the consequences of proceeding pro se or assess his capacity to make an informed choice, on remand , if the District court still finds it appropriate to deny the request for new counsel , Culbertson must be allowed to make his own decision as to whether to proceed pro se or accept his (competent) court-appointed counsel, after a full faretta hearing". United States v. Culberston 670 F.3d at 192-194 (emphasis is original).

2

TRULINCS 63673054 - BEJAOUI, MONDHER - Unit: BRO-H-A

---

FROM: 63673054
TO:
SUBJECT: MEMORANDUM OF LAW
DATE: 03/31/2013 07:10:52 PM

It is well-established that a person accused of a crime has a Sixth Amendment right to self-representation , meaning a right " to make one's own defense. Faretta v. California 422 U.S . 806,819. This right to defendant is given directly to the accused for it is he who suffers the consequences if the defense fails" (Id at. 820). The second circuit held in Johnstone v. Kelly 808 F.2d at 218, that deprivation of the right to self-representation requires "automatic reversal of a criminal conviction".

    Because of the foregoing reasons, because there is irreconcilable differences between the defendant and his defense counsel, also because the defendant did not vacillated between self-representation and representation by counsel , and because the defendant prefers his own limitations to those he feels defense counsel possessed, the court should grant defendant's application to waive his right to counsel and reassert his right to self representation

Dated: Brooklyn , NY
       March 26, 2013

                                  Respectfully Submitted,

                              X Mondher Bejaoui

                              Mondher Bejaoui

3

TRULINCS 63673054 - BEJAOUI, MONDHER - Unit: BRO-H-A

---

FROM: 63673054
TO:
SUBJECT: Affidavit Of Service
DATE: 03/31/2013 05:53:08 PM

CERTIFICATE OF SERVICE:

    I, Mondher Bejaoui, the defendant, hereby certify that on March 26, 2013 I caused a copy of the attached Memorandum of Law In Support Of Defendant's Application To Waive His Right To Counsel And Reassert His Right To Self-Representation to be sent via United States Postal Services to:

    1. Clerk of US District Court
       Southern District of New York

    2. Assistant United States Attorney
       Rachel P. kovner

    I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C 1746

Dated: Brooklyn, New York
       March 26, 2013

                                                      *Mondher Bejaoui* (signature)
                                                      Mondher Bejaoui

4

Monohor Bejaev
Reg No. 63613-054
M-D-C Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

Legal mail

Clerk of US District Court
Southern District of New York
500 Pearl Street
New York, NY 10007