```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                               10 CR 553 (SHS)

 5   MENDHER BEJAOUI,

 6                   Defendant.

 7   ------------------------------x

 8                                                New York, N.Y.
                                                  April 8, 2013
 9                                                2:15 p.m.

10
     Before:
11
                         HON. SIDNEY H. STEIN
12
                                              District Judge
13

14                          APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  RACHEL KOVNER, ESQ.
17        KAN MIN NAWADAY, ESQ.
          Assistant United States Attorneys
18
     LAW OFFICES OF JOSHUA L. DRATEL, P.C.
19        Attorneys for Defendant
     BY:  JOSHUA L. DRATEL, ESQ.
20        LINDSAY LEWIS, ESQ.

21
     Also Present:  Michael Birley
22                  Special Agent, Federal Bureau of Investigation

23                  Ummi Ansari
                    Paralegal Specialist, U.S. Attorney's Office
24

25
```

1                (In open court; jury panel not present)

2                THE CLERK:  United States v. Mondher Bejaoui 10 Crim.

3     553.  Counsel please state your names for the record.

4                MS. KOVNER:  Good afternoon, your Honor.  Rachel

5     Kovner and Kan Nawaday for the government.  With us at counsel

6     table are Special Agent Michael Birley of the FBI and Ummi

7     Ansari, a paralegal specialist.

8                THE COURT:  All right.  Good afternoon.  Welcome.

9                MR. DRATEL:  Good afternoon, your Honor.  Joshua

10    Dratel with Lindsay Lewis for Mr. Bejaoui.  Mr. Bejaoui is

11    leer.

12               THE COURT:  I'm sorry, sir?

13               MR. DRATEL:  Mr. Bejaoui is here.

14               THE COURT:  Yes.  Welcome, Mr. Bejaoui.  Please be

15    seated.

16               We are here for the trial, the United States v.

17    Bejaoui.  We have a panel waiting downstairs.  In the past

18    couple of days I've received a couple of motions.  There is a

19    government motion to preclude cross-examination regarding

20    certain convictions of and prior acts of government witnesses.

21    And there is a motion by the government to quash a Rule 17(c)

22    subpoena a few moments ago.  It says it came in at 10:58 this

23    morning.  I received a submission from the New York State

24    Department of Financial Services which shows a copy via e-mail

25    to the U.S. Attorney and defense attorney.  They seem to say

1   they are joining in the government's motion, and they also want
2   an extension of time, I think to produce the materials if the
3   motion is denied.
4              Now, this morning I also received a submission from
5   Mr. Bejaoui.  It was filed on April 5th.  I received a copy of
6   it today.  It's entitled "Memorandum of Law in Support of
7   Defendant Mondher Bejaoui's Application to Waive his Right to
8   Counsel and Reassert his Right to Self-Representation."  And in
9   this motion he seeks to represent himself once again.  I must
10  say, it's a very articulate submission, typed, with all the
11  relevant case law.  It's articulate.  It's well reasoned.  It's
12  well researched.  He focuses on *Faretta*, which of course is the
13  main case, and he has citations from hearing transcripts and so
14  forth.
15             I will put a full decision on the record.  But right
16  now, I'm simply going to deny the motion of Mr. Bejaoui.  I'm
17  not going to grant another motion by Mr. Bejaoui to represent
18  himself.  Equivocation acts as a waiver of the right to
19  self-representation.  Mr. Bejaoui has been back and forth in
20  that.  The main case is *Williams v. Bartlett*, 44 F.3d 95, 99
21  and 100 and 101.  And for analysis purposes, this motion by
22  Mr. Bejaoui is being made prior to the start of the trial.  In
23  other words, the jury has not been sworn in yet.  And as I say,
24  this typewritten letter, motion, of three pages, states that it
25  was filed April 5 and it was received in my chambers on April

D48ABEJ1ps

1  8. And his certification of mailing is dated March 26. So
2  there's no question that he made that motion prior to the
3  commencement of trial -- shortly before trial, but nonetheless,
4  for analysis purposes, prior to trial.
5       All right. I want to bring the jury in, that is, the
6  venire up. We'll handle the 17(c) issues either at the end of
7  the trial day today or at the beginning of the tomorrow, along
8  with the issue of cross-examination.
9       In terms of 17(c), I do need a better sense from
10 Mr. Dratel of what he is looking for, the use he intends to
11 make of the documents.
12      Yes, Ms. Kovner.
13      MS. KOVNER: Your Honor, before the jury enters might
14 we put on the record --
15      THE COURT: Yes, of course, but let's bring the panel
16 up and assembled outside. We're going to get 50-plus, in other
17 words, 55 people or thereabouts. We'll see when they come up.
18      Ms. Kovner, sorry.
19      MS. KOVNER: Your Honor, pursuant to the *Lafler* and
20 *Frye* decisions, we just wanted to put on the record the status
21 of plea negotiations in this case. We had several
22 conversations with counsel for the defendant about possible
23 plea offers. It is our understanding that the defendant
24 himself was not interested in a plea. Nevertheless, on October
25 11, 2012, we transmitted a formal plea offer to defense

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  counsel.  We understand that offer was transmitted to defen-
2  dant.  The offer expired on October 30, 2012.  And we've never
3  had any indication that the defendant has interested in a plea.
4              THE COURT:  And no other offer was made?
5              MS. KOVNER:  That's right, your Honor.
6              THE COURT:  Mr. Dratel, when the offer was made in
7  October, did you notify Mr. Bejaoui of the substance of
8  whatever the offer was?
9              MR. DRATEL:  Yes, your Honor.
10             THE COURT:  And I take it he rejected it.
11             MR. DRATEL:  Yes, your Honor.
12             THE COURT:  Mr. Bejaoui, I take it that's so.  Is that
13 correct?
14             Mr. Bejaoui, is that correct?  In other words, you
15 rejected the plea offer made by the government in October.
16             THE DEFENDANT:  I don't know.
17             THE COURT:  Pardon me?
18             THE DEFENDANT:  I don't know.
19             THE COURT:  You don't know.
20             All right.  Well, Mr. Bejaoui, the trial is going
21 begin.  I would urge you to participate in the trial and not to
22 attempt to obstruct it or manipulate it in any way.
23             MR. BEJAOUI:  This is not I'm manipulating.  This is
24 what you planning to do.  You setting the ground so that I
25 won't have any ground for asserting an appeal.  I am

1  reasserting my right to self-representation.  You can't just
2  deny me the right to represent myself, knowing that I made that
3  decision, a knowing and explicit decision, that I want to
4  represent myself.  Had the jury convicted me at the end of this
5  trial, would Mr. Dratel become convicted?  No.  It's my
6  defense.  I never shared any defense with him.  We never talk
7  about the case because he's too busy to make me, convince me to
8  plead guilty.  He might have some problem, a heavy problem to
9  defend me, because he does not have any defense.  I, the
10 defense lay with me.  I'm the one who has a defense.  And I'm
11 the one, I believe that I will plead that defense for the jury.
12 You denied the motions on no grounds, Judge.
13         THE COURT:  All right.  I'm just urging you to
14 participate in this trial.
15         MR. BEJAOUI:  I'm not going to participate.  And every
16 time we have a recess, I will not interfere with the jury.  I
17 will not obstruct this trial.  But every recess I will remind
18 you that I'm going to reassert my right to self-
19 representation.  I do not want Mr. Dratel to represent me.
20         THE COURT:  All right.  Thank you.
21         THE DEFENDANT:  Then after he caused the damage, two,
22 three days, he will say, Mr. Bejaoui, we will give you -- you
23 can represent yourself.  Or once I will get convicted, after I
24 ask for the new attorney, oh, you need a new attorney --
25 because he served his purpose.  His purpose is to convict me.

1    He has no defense.
2             THE COURT:  During this trial, Mr. Dratel is your
3    attorney.
4             MR. BEJAOUI:  Then you want to have Mr. Dratel listen
5    to this trial.  Because I'm at the end of this.
6             THE COURT:  All right.  I'm going to step off the
7    bench, and my deputy will notify me after the panel is seated.
8             MR. DRATEL:  Your Honor, just one thing.  This is a
9    scheduling thing if I could ask the Court.  I don't know why,
10   but a judge in the Eastern District has scheduled something for
11   me tomorrow at noon.  And I wrote him and said I'm on trial.
12   He denied my request.  I thought if you could maybe reach out
13   to him and --
14            THE COURT:  Who is it?
15            MR. DRATEL:  Judge Kuntz, K-u-n-t-z.  I don't want to
16   delay it too much because it's a bail hearing.  I couldn't get
17   it before today.  I asked him this morning and he wouldn't.
18            THE COURT:  It is a bail hearing that you have
19   requested?
20            MR. DRATEL:  Yes.
21            THE COURT:  And he set it down for what time?
22            MR. DRATEL:  He set it down for noon tomorrow.
23            THE COURT:  Can you do it at 9 a.m.?
24            MR. DRATEL:  Sure.
25            THE COURT:  And can you do it at 5:30 p.m.?

1          MR. DRATEL:  Sure.  Either.
2          THE COURT:  All right.  Thank you.
3          MR. DRATEL:  Thank you, your Honor.
4          THE COURT:  Does he know you're on trial here?
5          MR. DRATEL:  I wrote it two times in a letter, first
6    paragraph and the last paragraph.
7          Your Honor, 5:30 would be better because there will
8    people who have to be there for the defendant, so it might be
9    more difficult to get them there at 9.
10          THE COURT:  5:30 or 6.
11          How long do the parties believe this case will last,
12    this trial will last?  Ms. Kovner?
13          MS. KOVNER:  Your Honor, if we move very quickly, I'm
14    hopeful that our case would finish at the end of the week.
15    It's possible it would roll over onto Monday.
16          THE COURT:  Mr. Dratel.
17          MR. DRATEL:  It's hard to tell, simply because I don't
18    know if Mr. Bejaoui plans to testify or not, but at most a day
19    probably.
20          THE COURT:  Pardon?
21          MR. DRATEL:  A day or two.
22          THE COURT:  It sounds like -- I'll tell the jury to
23    set aside two weeks.
24          MR. DRATEL:  Thank you, your Honor.
25          (Jury selection; adjourned to April 9, 9:15 a.m.)